486 A.2d 971

**FIRST PENNSYLVANIA BANK, N.A., Appellant,**

**v.**

**Robert J. DiDOMENICO and Paula E. DiDomenico, H/W.**

Superior Court of Pennsylvania.

Argued Sept. 5, 1984.

Filed Dec. 19, 1984.

192

Donald B. Brenner, Philadelphia, appellant.

Ruth E. Ganister, Philadelphia, appellees.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

OLSZEWSKI, Judge:

Appellant challenges an Order denying and dismissing its motion for leave to file an amended complaint.

This controversy centers on the obligation incurred by appellees in a series of liens from appellant ("Bank"). On September 17, 1982, the Bank filed a complaint in assumpsit against appellees. At issue was an Amended Demand Note dated July 20, 1976 ("1976 Note") evidencing appellee's obligation in principal amount of $492,040.98. Appellees, by answer filed October 4, 1982, denied liability. During the deposition of appellee, Robert J. DiDomenico, December 21, 1982, the Bank's error came to light. The 1976 Note, on its face an executed instrument, had never been accepted by the Bank. Retrenching, the Bank responded with a request, then a motion on April 18, 1983 for leave to file an amended complaint. The trial court, by order dated May 24, 1983, denied the Bank's motion. This appeal followed.

Under section 742 of the Judicial Code, this Court's jurisdiction extends to "all appeals from final orders of the courts of common pleas." 42 Pa.C.S. § 742. An order denying leave to amend a complaint is interlocutory and, as

a rule, non-appealable. *See Commonwealth v. Gore*, 279 Pa.Super. 622, 421 A.2d 372 (1980) (order denying pre-trial motion by Commonwealth to amend bill of information did not put the Commonwealth out of court; non-appealable). However, an order which does not dispose of the entire case may be deemed final, and so, appealable, if postponement of appeal until after final judgment might result in irreparable loss of certain rights asserted. *Hall v. Lee*, 285 Pa.Super. 542, 428 A.2d 178 (1981). In the instant case, appellant moved to amend the complaint to reflect suit on a note dated May 6, 1977. Appellant filed its motion on April 18, 1983. The run date for action on the 1977 Note was May 7, 1983. 42 Pa.C.S. § 5527; *see Mayerson v. Washington Mfg. Co.*, 58 F.R.D. 377 (D.C.Pa.1972) (amendment permitted if, at time of filing motion, statute had not barred amended action). Dismissal of the appeal as untimely would effectively deprive appellant of the right to sue on the 1977 Note. Concluding that the appeal is properly before us, we turn to the substance of appellant's attack.

Appellant argues that the trial court abused its discretion in refusing to allow amendment. For the reasons below, we are constrained to agree.

"It is well-settled in this Commonwealth that while the right to amend pleadings is ordinarily a matter resting in the sound discretion of the trial court, amendments should be allowed with great liberality at any stage of the case, unless, of course, they violate the law or prejudice the rights of the opposing party." *Arzinger v. Baughman*, 348 Pa. 84, 86, 34 A.2d 64, 65 (1943), quoted in *Puleo v. Broad Street Hospital*, 267 Pa.Super. 581, 585, 407 A.2d 394, 396 (1979). Appellant characterizes its actions as an "attempt to correct a mere clerical error" by making reference to the 1977 Note as evidence of the obligation sued upon. Appellant's brief at 9. The trial court found that appellant wanted to amend the complaint to change the cause of action from suit on the 1976 Note "[which] had been marked satisfied of record" to suit on a different note, 1977 Note. Reasoning that amendment would prejudice appel-

lees by allowing introduction of a new cause of action after the statute of limitations had run on the original note, Judge LaBrum refused to allow amendment.

As a matter of fact, the 1977 Note, not the 1976 Note, had been marked satisfied of record. Action on that second was not yet barred when appellant filed its motion to amend. We admit the possibility that suit on the 1976 "non-satisfied", albeit non-accepted, Note might reflect tactical choice rather than clerical error. We note too that appellant, when served with appellee's request for Production of Documents, failed to present the 1977 Note. These irregularities considered, we think the better rule in this case would allow for amendment of the complaint to reflect suit on the 1977 Note. If the matter for which the action was truly and substantially brought is not forsaken, but adhered to and relied on for recovery, the introduction by way of amendment of a different contract in form is not regarded as introducing a new cause of action and is permissible. See Standard Pennsylvania Practice 2d § 24:51 and cases cited therein.

Order vacated and case remanded with leave for appellant to amend its complaint consistent with this opinion. Jurisdiction relinquished.

CIRILLO, J., filed a dissenting opinion.

CIRILLO, Judge, dissenting:

I must respectfully dissent from the majority's conclusion that appellant may amend its complaint.

The majority correctly sets forth the rule of liberal amendment of pleadings. Pa.R.Civ.P. 1033 [1] states, in part, that "[t]he amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense."

However, Pennsylvania law has also established that, after the applicable statute of limitations has run, a com-

1. Adopted June 25, 1946, effective January 1, 1947.

plaint may be amended only if the amendment merely clarifies or amplifies the original cause of action. *Laursen v. General Hospital of Monroe County*, 494 Pa. 238, 243, 431 A.2d 237, 239 (1981); *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 319 A.2d 914 (1974); *Junk v. East End Fire Department*, 262 Pa.Super. 473, 396 A.2d 1269 (1978). A party may not amend a pleading after the limitations period has expired in order to state a new cause of action. *Mussolino v. Coxe Brothers & Co.*, 357 Pa. 10, 15, 53 A.2d 93, 95 (1947) (citations omitted); *Del Turco v. Peoples Home Savings Association*, 329 Pa.Super. 258, 274, 478 A.2d 456, 464 (1984); *Asper v. Haffley*, 312 Pa.Super. 424, 458 A.2d 1364 (1983); *Stulz v. Boswell*, 307 Pa.Super. 515, 453 A.2d 1006 (1982); *Sanchez v. City of Philadelphia*, 302 Pa.Super. 184, 448 A.2d 588 (1982); *John Goffredo and Sons, Inc. v. S.M.G. Corp.*, 300 Pa.Super. 112, 446 A.2d 255 (1982).

In the present case, appellant admits that it wants to amend its complaint to sue upon a note dated May 6, 1977, which is separate from the July 20, 1976 note, upon which it originally sued. Suit on this second note would thus state a new cause of action, and the statute of limitations for this new cause ran on May 7, 1983.[2] Independent of the limitations issue, a cause of action based on the 1977 note would involve a factual background and, therefore, evidentiary matters different from those for a claim on the 1976 note. As the trial court noted in its opinion, appellees would be prejudiced by an amendment because of these differences and the delay between the 1977 note's issuance and the suit upon it.

Our standard for reviewing a denial of leave to amend a complaint is to determine whether the court abused its

2. The 1977 note stated that payment was due "one day after date," or one day after May 6, 1977, its date of execution. The 1976 note had recited the borrowers' "promise to pay on demand." The statute of limitations for an action on a demand note runs from the date when demand or payment on the principal or interest is made or judgment is entered on the note. *Lazzarotti v. Juliano*, 322 Pa.Super. 129, 469 A.2d 216 (1983).

discretion in making that denial. *Del Turco, supra,* 329 Pa.Super. at 275, 478 A.2d at 464–65. *See also Tanner v. Allstate Insurance Co.,* 321 Pa.Super. 132, 467 A.2d 1164 (1983); *Spain v. Vicente,* 315 Pa.Super. 135, 461 A.2d 833 (1983). I would hold that the hearing court here did not abuse its discretion when it denied appellant's motion for leave to amend its complaint.