519 A.2d 983

**William EVANS, to the Use of ROADWAY EXPRESS, INC., and William Evans and Denise Evans, his wife**

**v.**

**James P. D'IORIO, M.D.**

**Appeal of William EVANS, to the Use of ROADWAY EXPRESS, INC.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1986.

Filed Jan. 5, 1987.

46

F. Daniel Altland, Harrisburg, for appellant.

John D. Nardine, Wilkes-Barre, for appellee.

Before WIEAND, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order sustaining appellee's preliminary objections in the nature of a demurrer to appellants' amended complaint and entering judgment in favor of appellee and against appellant. Because we find error in the trial court's decision, we reverse and remand.

This action was commenced by the filing of a praecipe of summons on October 7, 1985. After entry of a rule to file a complaint on November 22, 1985, a complaint naming William Evans, to the use of Roadway Express, Inc., as plaintiff was filed on December 13, 1985. Defendant-appellee filed preliminary objections on January 3, 1986. Thereafter, on January 16, 1986, appellants filed an amended complaint,

which added William and Denise Evans as plaintiffs and expanded into three separate counts.

The amended complaint alleges that on October 20, 1983, while engaged in his employment with Roadway Express, Inc. ("Roadway"), appellant William Evans came into contact with toxic material while handling part of a shipment of Basazol Yellow 46 and, as a result, suffered toxic burns or impairment of his hands. It is averred further that appellee, Dr. James P. D'Iorio, treated Evans for said toxic burns and that during this treatment, appellee made various statements to Evans which allegedly were unwarranted by Evans's condition and were "below the standard of care a competent and prudent physician would render." (Amended complaint, paragraph 10.) The amended complaint then states that because of appellee's treatment, Evans suffered post-traumatic stress syndrome and other psychological impairments which prevented his return to work.

In Count I, Roadway seeks to recover additional workmen's compensation benefits which it paid to Evans as a result of Evans's disability. Counts II and III represent individual claims by appellants William and Denise Evans, respectively.

On February 4, 1986, appellee filed preliminary objections in the nature of a demurrer to the amended complaint alleging, *inter alia*, that the cause of action was barred by the applicable statute of limitations. The trial court, in an order dated May 9, 1986, sustained appellee's preliminary objections and entered judgment in his favor.

At issue on appeal is the trial court's decision to sustain the preliminary objections based upon appellee's statute of limitations defense. The trial court sustained the demurrer because "Roadway failed to timely file a legally sufficient complaint."[1] (Trial court opinion at 4.) This holding was

---

1. Relying on § 319 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 671, and *Reliance Ins. Co. v. Richmond Machine Co.*, 309 Pa.Super. 430, 455 A.2d 686 (1983), the trial court held:

Roadway, in its own right, is incapable of bringing suit against defendant, under the facts of this case; however, the Evanses, with whom this cause of action properly lies, were not added as party

improper, however, because the Pennsylvania Rules of Civil Procedure do not permit the bar of a statute of limitations to be raised by preliminary objections. *See* Pa.R.Civ.P. 1017(b)(4). The Rules require instead that the affirmative defense of statute of limitations be pleaded under new matter. *See* Pa.R.Civ.P. 1030. Our Supreme Court recently cited these rules and confirmed our position in *Kyle v. McNamara & Criste,* 506 Pa. 631, 487 A.2d 814 (1985).[2] For these reasons, appellee's statute of limitations defense was not properly before the trial court on preliminary objections.

Appellee's preliminary objections have also attacked the form of appellants' verification and have averred that appellant William Evans has instituted suit against a party other than appellee to recover for injuries complained of in this action. These matters have not been determined by the trial court.

For the foregoing reasons, the order sustaining appellee's preliminary objections based upon the bar of the statute of limitations is reversed, and the case is remanded to enable the trial court to consider and determine those preliminary objections which remain undecided.

Jurisdiction relinquished.

> plaintiffs until approximately two years and two months after the cause of action accrued. Thus, since the Evanses' cause of action is barred by the statute of limitations applicable to personal injury cases, Roadway, in its own right, cannot maintain this action. Accordingly, defendant's preliminary objections in the nature of a demurrer are sustained.
>
> Trial court opinion at 4–5.

**2.** Indeed, the trial court in this action acknowledged the existence of Pa.R.Civ.P. 1030, but chose to disregard it in the interest of a speedy resolution of this dispute. The language of Rules 1030 and 1017(b)(4) is clear and unambiguous, however, and therefore may not be disregarded. *See* Pa.R.Civ.P. 127(b).