564 A.2d 518

**BENDER'S FLOOR COVERING CO., Appellee,**

v.

**Jeffrey GARDNER and Theresa Gardner, Appellants.**

Superior Court of Pennsylvania.

Submitted April 17, 1989.

Filed Oct. 6, 1989.

532

James J. Auchinleck, Jr., Newtown, for appellants.

Thomas Coval, Willow Grove, for appellee.

Before CIRILLO, President Judge, and KELLY and HESTER, JJ.

KELLY, Judge:

This appeal involves a contention that appellants were denied due process when their petition to amend new matter was denied on the day it was filed without the opportunity to present depositions, briefs, or argument in accordance with Pa.R.C.P. § 211. We quash the appeal as the order in question is interlocutory and unappealable at this stage in the proceedings.

The relevant factual and procedural history may be accurately summarized as follows. Appellants, Jeffrey and Theresa Gardner, purchased a newly constructed home in which appellee, Bender's Floor Covering Co., had installed carpets. Included in the price of the house was the basic carpet and the flooring to be installed by appellee at a $5,000.00 value. Appellants however ordered an upgrade of the carpet and flooring of an approximate value of $2,024.00. Subsequently, appellants raised various complaints about the visual appearance and installation of the carpet and flooring. Despite numerous requests, appellee refused to resolve appellants' complaints.

Appellants had charged the cost of their upgrades on credit cards. Appellants notified their credit companies

that appellee's installation was not satisfactory, and, after investigation, appellants' credit companies reversed the charges and credited the amounts to appellants' account.

Thereafter, on November 20, 1987, appellee filed suit to recover $2,024, the amount of the upgrade. Appellants filed an answer with new matter and discovery was taken. An arbitration hearing was scheduled for September 29, 1988. On September 21, 1988, appellants filed a petition for leave to amend and add counterclaim for $20,000, alleging that the carpet was installed in a "poor, unworkmanlike manner." That same day, an in-chambers conference was held with both parties to discuss appellants' petition and request to stay arbitration. At the conference, the only matter before the trial court was appellants' motion to strike the case from the arbitration list. The trial court did not rule on the motion to strike the case from the arbitration list, but it did dismiss appellants' petition to amend new matter. This timely appeal followed.

On appeal, appellants contend that the trial court improperly denied their petition to amend and add counterclaim without first allowing oral argument in open court. Appellee responds that this appeal is interlocutory, and therefore not properly before this Court. We find merit in appellee's response; accordingly, we quash this appeal.

Our jurisdiction is limited by the Judicial Code which provides that:

The Superior Court shall have jurisdiction of all appeals from *final orders* of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

42 Pa.C.S.A. § 742 (emphasis added).

■ Generally, an order is not a "final order" unless it serves to put the litigant out of court either by ending the litigation or disposing of the case entirely. *Pugar v. Greco,*

483 Pa. 68, 394 A.2d 542 (1978); *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 319 A.2d 677 (1974); *Commonwealth v. Romolini,* 384 Pa.Super. 117, 557 A.2d 1073 (1989); *Zarnecki v. Shepegi,* 367 Pa.Super. 230, 532 A.2d 873 (1987). The rationale for prohibiting appeals from interlocutory orders is to prevent piecemeal determinations and the consequent protraction of litigation. *Piltzer v. Independence Federal Savings and Loan Association of Philadelphia, supra,* 319 A.2d at 678; *French v. United Parcel Service,* 377 Pa.Super. 366, 547 A.2d 411 (1988).

Our Supreme Court has determined that an otherwise interlocutory order from which appeal may not be brought as of right, Pa.R.A.P. 311, may nevertheless be considered "final" if:

(1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

*Pugar v. Greco, supra* 394 A.2d at 545. This exception to the general rule is intended to permit review of interlocutory orders only in certain limited circumstances. *See Zarnecki v. Shepegi,* 367 Pa.Super. 230, 532 A.2d 873 (1987); *Elderkin, Martin, Kelly, Messina v. Sedney,* 354 Pa.Super. 253, 511 A.2d 858 (1986). *First Pennsylvania Bank, N.A. v. DiDomenico,* 337 Pa.Super. 191, 486 A.2d 971 (1984).

■ Under Pennsylvania law, counterclaims are *permissive* and may be set forth in a party's answer, or may be reserved and set forth as an independent action, at the time, and in the forum, of the defendant's choosing. *See* Pa.R. C.P. 1031. In this way, Pennsylvania law prevents parties from manipulating the timing and forum selection of potential suits, by pleading minor claims in a chosen forum to force a greater "counterclaim" at a time and in a forum not of the defendant's choosing. *See Jackson v. Richards 5 &*

*10,* 289 Pa.Super. 445, 433 A.2d 888 (1981); *Sobol v. Will Allen Builders Inc.,* 244 Pa.Super. 486, 368 A.2d 825 (1976).

In this case, the trial court's denial of appellants' petition to amend and to present a new counterclaim did not serve to put appellants "out of court" as to that claim, nor is the claim in danger of being irreparably lost as a result of the order. Succinctly, appellants may, without impediment, file that same claim in front of the same or a different court (providing such a court has proper venue and subject matter jurisdiction) within the limitations period, without jeopardizing their rights.[1] Thus, appellants are not out of court on the merits of their counterclaim by reason of the trial court's interlocutory order.[2]

In comparison, had appellants appealed a pre-trial order denying leave to amend an answer so as to assert an affirmative defense, it would be deemed a final order for purposes of appeal. Unlike counterclaims, affirmative defenses are *compulsory,* and therefore must be timely pleaded, or they are forever lost. *Zarnecki v. Shepegi, supra,* 532 A.2d at 875, *citing Posternack v. American Casualty Co. of Reading,* 421 Pa. 21, 218 A.2d 350 (1966); *see also* Pa.R.C.P. 1030, 1032. The *permissive* nature of counterclaims in Pennsylvania is the controlling distinction in this case.

Accordingly, we find appellants' appeal to be interlocutory and unappealable at this juncture.

Appeal quashed.

1. If appellants choose to pursue the claim in the same court as the present suit is pending, they may seek to consolidate their claim with those raised in the instant case. Whether to grant consolidation would then be, of course, a matter addressed to the sound discretion of the trial court.

2. If the limitation period expired before a counterclaim was presented as a separate complaint, appellant would then in fact be "out of court" on the claim. Arguably, it would be the effect of the limitations period and appellant's delay, rather than the trial court's order, which put the party "out of court" in such a case. No argument, however, has been raised with regard to such a scenario in this case, and so we decline to enter into further consideration of such an event at this time.