Louisa COLDREN, Joanne Smith, and George A. Peterman, now by Richard Spaid and Joan Spaid, Appellants,

v.

James PETERMAN, Jack Peterman, George Peterman a/k/a George R. Peterman, Elizabeth Cornell and Letha Smith, Appellees.

Superior Court of Pennsylvania.

Argued June 22, 2000.

Filed Nov. 30, 2000.

Susan M. Henry, Newtown, for appellants.

Gary E. Norton, Bloomsburg, for appellees.

Before CAVANAUGH, DEL SOLE and TAMILIA, JJ.

DEL SOLE, J.:

¶ 1 This appeal follows the. entry of an order denying Appellants' Motion for Post Trial Relief.[1]  We reverse and remand.

¶ 2 Appellants and Appellees are the owners of adjacent pieces of real estate located in Sugarloaf Township, Columbia County, Pennsylvania.  These pieces of real estate were originally owned by Elijah Peterman, now deceased.  In his Will, Elijah Peterman severed the parcel into two pieces, giving one to Romeo Peterman and the other to James Tilden Peterman, both now deceased.  Louisa Coldren, Joanne Peterman Smith and George A. Peterman were descendants of Romeo Peterman and obtained his piece of property upon Romeo Peterman's death.  Louisa Coldren, Joanne Peterman Smith and George A. Peterman were originally the Plaintiffs in this action.  During the course of litigation Richard and Joan Spaid purchased 26.697 acres of the property while Plaintiffs conveyed the balance of the property to L. Edward and Margaret J. Folk.

¶ 3 The property previously owned by Romeo Peterman is bounded on the north by lands now owned by N & H Hunting Club, and on the west by Rt. 755, or Saddle Rock Road. On the south it is bounded by the lands of Appellees.

---

1.  Following the denial of a post-trial motion in an equity action, the appropriate request is to have the court enter a final decree, not a praecipe for judgment as was done in this case.  Here, however, a praecipe was filed after decision on the post-trial motion.  This has the effect of the entry of a final decree.  *See* Pa.R.C.P. 227.4.

¶ 4 Appellees' parcel is fronted on the south by Route 749, now improved and widened, being State Route 118. A dwelling house sits near the road and a driveway leading to a cartpath enters approximately 12 feet from the edge of the house. This cartpath travels northwardly by the dwelling house, past the Romeo Peterman house and winds through the N & H Hunting Club grounds to Route 755 on the north.

¶ 5 This roadway passing through Appellees' land from Route 118 was a township roadway vacated by a court order dated February 3, 1936. The Order provides that:

> ... the public road be vacated, with the said road to be and become a private road of the width of 25 feet, for the use and benefit of the owners of land through and along which it passes, to be maintained and used as private roads are now maintained and used under existing law.

Order of Court, 2/3/36.

¶ 6 Appellants and their predecessors in title continued to use the roadway after 1936, for ingress and egress to their house on the premises. Appellants desired to convey to Appellant Spaids a right to use this driveway as they and their family did. In December of 1993, however, Appellees erected barricades and blocked the use of the road to Appellants' home. Appellants accordingly brought this action in equity to have Appellees remove all barricades and obstructions and to enjoin Appellees from further interfering with or obstructing Appellants' right-of-way to Appellants' land.

¶ 7 A non-jury trial was held in this matter in February 1998. After trial, the trial court rendered an Adjudication and Decree Nisi, holding that the 1935–1936 road vacation proceedings, and resulting order, were void *ab initio* because Appellants failed to prove that a public road ever existed over the cartpath. The court further held that easements by prescription, implication, and necessity were not proven.

¶ 8 Appellants filed a post-trial motion which the trial court, by opinion, denied and dismissed. This appeal followed.

¶ 9 On appeal, Appellants present the following issues:

1. Whether the lower court erred as a matter of law in allowing an affirmative defense to be presented at time of trial which was not plead [sic] or raised at any time until the time of trial?

    1(A) Whether the lower court erred as a matter of law in permitting a collateral attack on an earlier court judgment by allowing the underlying facts and legal issues to be re-litigated sixty years later?

    1(B) Whether the lower court erred as a matter of law and abused its discretion in not permitting a Pennsylvania Department of Transportation right-of-way Administrator to testify as to the identity of a certain right-of-way as a township road which intersects a state road, particularly when there is no indication of any better evidence?

2. Whether the court abused its discretion in not finding that the use of a right-of-way by Appellants and their predecessors in interest to their property was acquired by adverse possession, easement by necessity, or easement by implication, which use extended for well over fifty years?

Appellants' Brief at 4.

¶ 10 Our standard of review in equity matters is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Phillippi v. Knotter*, 748 A.2d 757, 758 (Pa.Super.2000), *appeal denied*, —— Pa. ——, 760 A.2d 855, 2000 Pa. Lexis 2190 (Pa. Aug. 30, 2000). The scope of review of a final decree in equity is limited and will not be

disturbed unless it is unsupported by the evidence or demonstrably capricious. *Id.*

¶ 11 In addressing the merits of the case, the trial court in its Adjudication explained:

Plaintiffs argue that the grantees of Romeo Peterman and successors possess the continued right to use this private road. Defendants argue that while the family, guests and invitees used this cartpath for nearly all this century, they did so on the basis of familial relations and that this road was never a public road. As a result, the road vacation proceedings and Order are void at *ab initio.* With this contention we agree. The Plaintiffs failed to prove that a public road ever existed over the area of the cartpath. The burden of proof is assessed to the party who must prove a positive, and not to the party who would have to prove a negative. · .... Therefore, the plaintiff must bear the burden to prove that the area in question was once a public road.

Trial Court Opinion, 4/9/98, at 3.

¶ 12 We hold that the trial court erred in holding that it was Appellants' burden to establish that a public road existed over the cartpath. The Court Order of 1936, on its face, provided that the public road was vacated and a private road was created in its stead. The trial court cannot place the burden of establishing that the road was once public on Appellants. If anything, Appellees' contention that the 1936 Court Order was void as the road was never a public road, was an affirmative defense that was required to have been pled in a responsive pleading, under the heading of "New Matter." Appellees had the burden of establishing that a public road never existed in light of the 1936 Order.

¶ 13 Civil Procedure Rule 1030 provides:

Rule 1030.  New Matter.

(a) Except as provided by subdivision (b), all affirmative defenses ... shall be pleaded in a responsive pleading under the heading "New Matter".....

(b) The affirmative defenses of assumption of the risk, comparative negligence and contributory negligence need not be pleaded.

Pa.R.C.P. 1030.  Rule 1032 provides:

Rule 1032.  Waiver of Defenses.  Exceptions.  Suggestion of Lack of Subject Matter Jurisdiction or Failure to Join Indispensable Party

(a) A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim and any other nonwaivable defense or objection.

Pa.R.C.P. 1032(a).

¶ 14 The term "New Matter" (under which heading Rule 1030 requires affirmative defenses to be pled) "embraces matters of confession and avoidance as understood at common law, and has been defined as matter which, taking all the allegations of the complaint to be true, is nevertheless a defense to the action." *Sechler v. Ensign–Bickford Co.,* 322 Pa.Super. 162, 469 A.2d 233, 235 (1983).  "New matter ignores what the adverse party has averred and adds new facts to the legal dispute on the theory that such new facts dispose of any claim or claims which the adverse party had asserted in his pleading." *Id.* An affirmative defense is distinguished from a denial of facts which make up the plaintiff's cause of action in that a defense will require the averment of facts extrinsic to the plaintiff's claim for relief. *Falcione v. Cornell School Dist.,* 383 Pa.Super. 623, 557 A.2d 425, 428 (1989).

¶ 15 Appellees' assertion that the 1936 Order is void because the road was never

public was an affirmative defense. This assertion, assuming all allegations of the complaint to be true, was a defense to the action. By making this assertion, Appellees added new facts to the legal dispute on the theory that such new facts disposed of any claim or claims which Appellants had asserted in their pleading. Appellees' assertion that the Order was void was a defense to Appellants' claim that they are entitled to use the cartpath based upon the Order. Accordingly, it was Appellees' burden to establish that the Order was void, more specifically that the road was never a public road. *See Birdsboro Mun. Auth. v. Reading Co.*, 758 A.2d 222 (Pa.Super.2000) (there is a generally accepted position that affirmative defenses are those as to which the defendant has the burden of proof).

¶ 16 Affirmative defenses are compulsory and therefore must be timely pled or they are forever lost. *Bender's Floor Covering Co. v. Gardner*, 387 Pa.Super. 531, 564 A.2d 518 (1989). Because the assertion that the 1936 Order is void is an affirmative defense and it was not properly pled, this defense is waived.

¶ 17 The trial court held that the issue raised by Appellants, whether Appellees properly raised their defense claim that the 1936 road vacation order was void, was meritless. Trial Court Opinion, 12/31/98, at 3. The court found that "... the record is, nonetheless, replete with instances where the Defendants' position on this question is clearly expressed." Trial Court Opinion, 12/31/98, at 3. The court then goes on to cite specific instances in Appellees' pleadings where this issue was allegedly raised. Trial Court Opinion, 12/31/98, at 3–4. While Appellees did assert on two occasions, once in their Amended Answer and once in the Amended New Matter, that the 1936 Order was invalid or void, all such statements asserted that the Order was invalid because there was no proper notice given to Appellees or their predecessors in title.

¶ 18 Paragraph 27 of Appellees' Amended Answer provides in response to Appellants' Complaint that:

27. Denied. It is denied that any such Order was legitimate and valid, with proper notice to the Defendants or their predecessors in title, so as to legitimately, and through use of process, depriving Defendants or their predecessors in title from property rights vested with them. In further answer thereto, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the Order referred to at Paragraph 27 of the Amended Complaint pertained to the premises at issue and strict proof thereof is demanded at time of trial.

Paragraph 46 of Appellees' Amended New Matter states:

46. No notice of the proceedings referenced at paragraph 27 of the Amended Complaint was given to the Defendants or their predecessors in title and, as such, no revocation of vested property interests could have occurred with respect to the premises owned by the Defendants and their predecessors in title.

¶ 19 The affirmative defense pled by Appellees in their New Matter was one of notice and the lack thereof. This defense is not the same as the defense relied upon at trial, and which the trial court ruled upon. At trial, Appellees took the position that the Order was void because the court lacked jurisdiction to take the action it did since the road was never a public road. On this basis, the trial court ruled in favor of Appellees. Because the affirmative defense of lack of jurisdiction for the 1936 Order was not properly pled, however, it was waived.

¶ 20 Accordingly, we reverse the trial court's decision. The 1936 Order is valid and permits the owners of the property through which the road proceeds use of

the road. The trial court erred in holding that the Appellants had the burden of establishing that the road at issue was once a public road and that the 1936 Order was void *ab initio*. Because addressing the first issue raised on appeal by Appellants resolves the entire matter, we do not find it necessary to address the merits of the additional issues raised by Appellants. This case is remanded to the trial court for proper entry of a final decree in accordance with this opinion.

¶ 21 Reversed; case remanded. Jurisdiction relinquished.