OPINION
Edward Delgros ("Appellant") filed a civil complaint in the Mahoning County Court of Common Pleas alleging wrongful dismissal from employment and tortious interference with a contractual relationship. This timely appeal arises from the trial court's decision to grant summary judgment to Mitek Industries, Inc. ("Appellee"). The trial court ruled that a final judgment in previous litigation between the parties in Pennsylvania warranted summary judgment in Appellee's favor. For the following reasons, we affirm the judgment of the trial court.
Appellee is a manufacturer of structural building materials, with offices and facilities in Missouri, Pennsylvania, and the Youngstown, Ohio area. Appellant was employed as a design engineer at Appellee's facilities in both Ohio and Pennsylvania from October 21, 1991, to March 21, 1997. Appellant was an at-will employee while employed by Appellee. Appellant was a resident of Pennsylvania at all times during the litigation between the parties.
Prior to the commencement of Appellant's employment, he signed a three-page confidentiality agreement and covenant not to compete.
On May 1, 1997, Appellee filed an action against Appellant in Mercer County, Pennsylvania, for breach of the nondisclosure agreement, for unfair disclosure of trade secrets, and for unfair competition. Appellee did not file any counterclaims in that action. On January 8, 1998, the Court of Common Pleas of Mercer County, Pennsylvania, filed its opinion, granting summary judgment in favor of Appellee. Mitek Industries, Inc.v. Delgros (January 8, 1997), Mercer County Pennsylvania C.P., Case No. 1997-1553, unreported (hereinafter "Pennsylvania opinion"). The Pennsylvania trial court examined the following language in paragraph 8 of the covenant not to compete:
 "IT IS MUTUALLY UNDERSTOOD AND AGREED THAT THE RESTRICTIONS UNDER THIS SECTION 8 SHALL NOT APPLY IN THE EVENT THE EMPLOYMENT OF THE EMPLOYEE IS TERMINATED BY THE COMPANY FOR REASONS OTHER THAN `CAUSE.'"
The Pennsylvania court determined that this language meant that the covenant not to compete was activated only if Appellee quit. (Pennsylvania Opinion, 10). The court found that Appellee resigned his job on March 21, 1997. Therefore, the covenant not to compete was enforceable. (Pennsylvania Opinion, 11). There is no indication that Appellant filed an appeal of the Pennsylvania opinion.
On March 24, 1999, Appellant filed a complaint against Appellee in the Mahoning County Court of Common Pleas. Appellant alleged that Appellee wrongfully terminated him from his job and that Appellee engaged in tortious interference with Appellant's contractual relations with Allstate Insurance Co.
On August 8, 2000, Appellee filed a Motion for Summary Judgment on both claims in the complaint. Appellee argued that the Mahoning Court of Common Pleas was required to give full faith and credit to the Pennsylvania opinion and that the doctrine of collateral estoppel barred relitigation as to whether Appellant resigned from his job in 1997. Appellee argued that both counts in Appellant's complaint ultimately depended on a finding that he did not resign. Appellee concluded that both counts were defeated by the prior determination in the Pennsylvania opinion that he had resigned. Appellee also argued that the 180-day statute of limitations for "whistleblower" actions, found in R.C. §4113.52(D), acted as a bar to Appellant's first claim.
On December 1, 2000, the trial court sustained Appellee's motion for summary judgment on the basis that Appellant was estopped from further litigating the issues in this case. This timely appeal followed.
Appellant asserts one assignment of error as follows:
 "THE TRIAL COURT ERRED IN APPLYING THE DOCTRINE OF RES JUDICATA BECAUSE THE PUBLIC POLICY ISSUES WERE NOT LITIGATED IN THE PENNSYLVANIA FORUM."
Appellant argues that Appellee wrongfully discharged him from employment, creating a common law exception to Ohio's at-will employment laws. Appellant cites Greeley v. Miami Valley Maintenance Contractors, Inc. (1990), 49 Ohio St.3d 228, to support his argument that termination of employment in violation of a state statute or in violation of public policy gives rise to a common law cause of action for wrongful discharge. Appellant argues that no public policy issues were litigated or determined in the Pennsylvania opinion. Appellant concludes that res judicata should not bar him from litigating these public policy issues as part of the instant litigation, and that summary judgment was inappropriate. Based on the record before us, Appellant has not provided any legal or evidentiary basis for overcoming summary judgment and we must affirm the trial court.
The issue before us is whether the doctrine of res judicata warrants summary judgment in Appellee's favor. An appellate court reviews the decision to grant a motion for summary judgment de novo, using the same standards applicable to the trial court as found in Civ.R. 56. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. In accordance with Civ.R. 56, summary judgment is appropriate:
 "[W]hen (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."
Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370. Whether a fact is a "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995),104 Ohio App.3d 598, 603.
Summary judgment must be based on the types of evidence permitted by Civ.R. 56(C), which states in relevant part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
Once the moving party satisfies its burden, the nonmoving party, "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Dresher, supra, at 293. The nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. Id.
Trial courts should grant summary judgment with caution, resolving all doubts in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360.
Appellee argues that a prior court has already ruled that Appellant resigned from his job. Therefore, he cannot satisfy an essential element of a wrongful termination case, namely, that he was terminated. Appellee also argues that Appellant's tortious interference with contract claim is likewise completely dependent on the finding that he did not resign. Appellee contends that the incident giving rise to claims of alleged tortious interference was that Appellee erroneously told Appellant's insurance carrier that he had resigned. Appellee maintains that, if the statement to the insurance carrier was correct, there is no basis for the claim of tortious interference with contractual relations. Appellee concludes that, because it has been conclusively determined that Appellant resigned, Appellant's second claim is also barred.
Appellee presents a well-reasoned and articulate analysis of the "full faith and credit" doctrine, of res judicata, and of the resolution of specific factual issues in the Pennsylvania opinion. Appellee's argument is largely unnecessary, though. Appellant failed in his duty to produce any evidence that there are genuine issues remaining to be resolved at trial. Appellant's responsive memo to Appellee's motion was barely two pages long, and did not provide (or even refer to) any evidence to support his basic contention that there is a public policy reason to justify continuing this litigation. As stated above, the nonmoving party cannot rest on mere allegations that genuine material issues remain unresolved. Rather, he must provide both evidence and reasoning to substantiate the allegation. By rule, we cannot construe Appellant's arguments as "evidence" sufficient to overcome summary judgment. Appellant was required to present some evidence to support these arguments; his own affidavit, at least. For this reason alone, summary judgment was appropriately granted to Appellee.
Nevertheless, Appellee's analysis of the significance of the Pennsylvania opinion provides a more substantial basis for granting summary judgment, and we will proceed with a further review of the effect of res judicata provided by that judgment entry.
The Full Faith and Credit Clause, Section 1, Article IV, United States Constitution, provides that: "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. * * *." Ohio courts are required to recognize the validity of a foreign judgment rendered by a court of competent jurisdiction.Durfee v. Duke (1963), 375 U.S. 106, 109.
In essence, Ohio courts must give the judicial proceedings of another state the same faith and credit "`as they have by law or usage in the courts of such State * * * from which they are taken.'" Holzemer vUrbanski (1999), 86 Ohio St.3d 129, 132, quoting Section 1738, Title 28, U.S. Code. Ohio courts must give the same effect or credit to the Pennsylvania opinion that it would have carried if Appellant had filed a hypothetical lawsuit in Pennsylvania similar to the instant lawsuit. Id. If Appellant would not have been precluded from litigating his claims in that hypothetical Pennsylvania suit, then the Full Faith and Credit Clause does not prevent him from litigating those claims in Ohio. Id.;
see also Wyatt v. Wyatt (1992), 65 Ohio St.3d 268, 269-270.
As argued by Appellee, if Appellant had filed the present suit in Pennsylvania, some aspects of the doctrine of res judicata would have been implicated. The preclusion law of the state that rendered the first judgment is virtually always applied to determine whether the second lawsuit is precluded. Holzemer, supra, at 133-134. Therefore, we must determine the current treatment of the doctrine of res judicata under Pennsylvania law.
In Pennsylvania, res judicata refers to two related but conceptually distinguishable concepts. Traditionally, res judicata referred to what is now called "claim preclusion," i.e., "the rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and constitutes for them an absolute bar to a subsequent action involving the same claim, demand or cause of action." McNeil v. Owens-Corning Fiberglas Corp. (1996), 545 Pa. 209, fn. 2, 680 A.2d 1145.
Res judicata also encompasses what has traditionally been called "collateral estoppel," and more recently has been referred to as "issue preclusion." Id. In Pennsylvania, collateral estoppel refers to the following:
 "[W]hen an issue of fact or of law is actually litigated and determined by a valid final judgment, and determination of the issue was essential to the judgment, the determination on that issue is conclusive in a subsequent action between the parties, whether on the same or a different claim."
Id., 545 Pa. at 213, 680 A.2d at 1147-1148.
First, a determination must be made as to whether res judicata, in the form of claim preclusion, bars Appellant's Ohio litigation. We note that it was Appellee who initiated the original lawsuit in Pennsylvania, and that Appellant did not assert any counterclaims in that suit. No wrongful discharge claim was litigated in Pennsylvania. Nevertheless, the claim would be barred under res judicata if it were required to have been raised as a counterclaim during the litigation of the covenant not to compete. In Pennsylvania, unlike the rule in Ohio, there is no compulsory counterclaim rule. See Pennsylvania Rules of Civil Procedure 1031; Martinv. Poole (1974), 232 Pa. Super. 263, 269, 336 A.2d 363, 366. All counterclaims are permissive, regardless of how closely related the counterclaim is to the transaction and occurrence giving rise to the original action. Bender's Floor Covering Co. v. Gardner (1989),387 Pa. Super. 531, 536, 564 A.2d 518, 520. The Pennsylvania rule attempts to preserve the rights of defendants to raise their counterclaims at a time and in a forum of their own choosing. Id. It appears, then, that under Pennsylvania law, Appellant was not barred from bringing his wrongful termination or tortious interference with contract claims in a subsequent lawsuit.
Next, we must determine if res judicata, in the form of issue preclusion, bars Appellant's Ohio litigation. Issue preclusion, under Pennsylvania law, bars relitigation of factual or legal determinations when: 1) there is a valid prior final judgment; 2) the party against whom estoppel is being claimed was a party in the prior action, or in privity with a party; 3) the identical issue exists in the subsequent litigation; 4) the issue was actually litigated in a full and fair hearing by the party against whom estoppel is being claimed; and 5) the issue was essential to the prior judgment. Balent v. City ofWilkes-Barre (1995), 542 Pa. 555, 564, 669 A.2d 309, 313.
Taking each element in turn, we find no indication in the record that the Pennsylvania opinion was appealed. The Pennsylvania opinion, therefore, constitutes a valid final judgment. It is also clear that the parties are the same in both the Pennsylvania litigation and the instant action. Furthermore, the current dispute over Appellant's resignation was the identical issue litigated in Pennsylvania. We can glean from the Pennsylvania opinion that considerable evidence was presented on this issue, and that both parties vigorously defended their positions.
The only point in dispute is whether the issue of Appellant's resignation was necessary to resolve the Pennsylvania litigation. The Pennsylvania opinion only touched upon Appellant's resignation because it was relevant to whether paragraph 8 of the covenant not to compete was enforceable. Paragraph 8 does not specifically state that the covenant was only enforceable if Appellant resigned. Nevertheless, the trial court made a factual and legal conclusion that Appellant's resignation was a condition precedent to the enforceability of the covenant not to compete. (Pennsylvania opinion, 10). Although we might not agree with that conclusion, the record does not reflect that the Pennsylvania opinion was appealed to a higher court. Thus, the conclusions contained within the opinion would be fully enforceable in a Pennsylvania court. Under the Full Faith and Credit doctrine, Ohio must respect the trial court's judgment and enforce it as fully as it would be enforced in Pennsylvania. Therefore, it is our conclusion that the issue of Appellant's resignation was necessary to the Pennsylvania opinion, which held that Appellant did in fact resign. Appellant is precluded from relitigating this issue in Ohio.
Summary judgment is appropriate where a party fails or is unable to produce evidence to support an essential element of his or her claim, where that party bears the burden of proof at trial. Celotex Corp. v.Catrett (1986), 477 U.S. 317, 322. It is obvious that Appellant must prove that he was terminated from employment to prevail on a wrongful termination of employment claim. Appellee is entitled to summary judgment on count one of complaint because Appellant cannot prove an essential element of his claim.
Appellant did not oppose Appellee's arguments regarding the second count of the complaint. We may assume that Appellant has either abandoned this claim or agrees with Appellee's assessment that an essential element of Count 2 is that Appellant did not resign from his employment. Again, because Appellant cannot establish an essential element of the claim, summary judgment in Appellee's favor is appropriate with respect to Count 2 as well.
Because we have resolved this case on the basis of res judicata, there is no need to discuss whether the 180-day statute of limitation found in R.C. § 4113.52(D) bars any or all of Appellant's claims.
For all the foregoing reasons, we find Appellant's assignment of error to be without merit, and we affirm the decision of the trial court in full.
Donofrio, J., concurs.
Vukovich, P.J., concurs.