## Leonard v. Reed

C.P. of Northampton County, no. C0048CV2001 6574.

*Richard M. Wiener,* for plaintiffs.
*Frank J. Procyk,* for defendant.

PANELLA, *J.,* January 15, 2003—

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 21, 2001, plaintiffs, Joseph M. Leonard and Lois Leonard, individually and as husband and wife, filed a complaint seeking to recover damages for inju-

ries sustained as a result of an automobile accident which occurred on August 28, 1999.

At approximately 5:50 a.m. on August 28, 1999, plaintiff, Joseph M. Leonard, was traveling westbound in his 1996 Chevrolet Monte Carlo on Interstate 78 in the Municipality of Perryville, County of Hunterdon, State of New Jersey. At the same time and place, defendant, Heather M. Reed, was proceeding westbound on Interstate 78 in her 1998 Honda Civic, behind plaintiff's vehicle. Defendant fell asleep at the wheel and struck the plaintiff's vehicle in the rear forcing plaintiff's vehicle off the road where it struck a guardrail at the edge of the right-hand shoulder, spun 180 degrees across three westbound lanes and ultimately came to rest on the grass median.

According to police reports, defendant failed a field sobriety test, registering .12 percent on a Breathalyzer test within two hours of the accident. Defendant was charged with and pled guilty to careless driving and operating a vehicle under the influence of alcohol in the State of New Jersey.

At the time of the accident, plaintiffs were residents of New York and maintained an automobile insurance policy with Liberty Mutual Insurance Company. Plaintiffs had aggregate PIP first-party benefits available up to a limit of $100,000 and loss of income benefits in the amount of $2,000.

The pleadings are closed and discovery is now complete. Defendant moved for partial summary judgment pursuant to Pa.R.C.P. 1035.2 on November 4, 2002. The matter was placed on the December 10, 2002 argument

list. Counsel for both parties presented oral argument to the court and submitted their memoranda of law in support of, and in opposition to, the motion. The matter is now ready for disposition.

## II. STANDARD OF REVIEW

The standard of review for summary judgment is well settled. Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Capek v. Devito,* 564 Pa. 267, 767 A.2d 1047, 1048 n.1 (2001). The moving party has the burden of proving that no genuine issues of material fact exist. *Rush v. Philadelphia Newspapers Inc.,* 732 A.2d 648, 650 (Pa. Super. 1999). In determining whether to grant summary judgment this court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Potter v. Herman,* 762 A.2d 1116, 1117-18 (Pa. Super. 2000). Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Id.* at 1117. In sum, only if the facts are so clear that reasonable minds cannot differ, may we properly enter summary judgment. *Basile v. H & R Block Inc.,* 563 Pa. 359, 761 A.2d 1115, 1118 (2000).

## III. DISCUSSION

### 1. *Affirmative Defense of New Jersey's Verbal Threshold Statute*

Defendant's motion for partial summary judgment raises a defense to plaintiffs' claims for noneconomic damages based upon the New Jersey Verbal Threshold/Deemer Statute, N.J.S.A. 39:6A-8 and N.J.S.A. 17:28-1.4, which provides for a lawsuit threshold. Specifically, the New Jersey Deemer Statute precludes recovery of noneconomic losses in a lawsuit arising out of a motor vehicle accident, unless the person bringing the lawsuit has sustained a serious injury involving dismemberment, significant disfigurement, significant scarring, displaced fractures or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement. See N.J.S.A. 39:6A-8. In their brief, plaintiffs contend that defendant has waived as an affirmative defense, the application of the Verbal Threshold/Deemer Statute under New Jersey law by failing to plead it as new matter in the answer filed to plaintiffs' complaint.

Pa.R.C.P. 1030 requires that all affirmative defenses be pled under the heading new matter. The language of the rule is clear and cannot be ignored. See *Evans v. D'Iorio,* 360 Pa. Super. 45, 519 A.2d 983 (1987); *Santana v. Wentzien,* 26 D.&C.4th 22 (1995). A claim that a plaintiff's recovery is barred or abolished by a statute is an affirmative defense which falls under the purview of the catchall provision of Pa.R.C.P. 1030. See *Roberts v. Philadelphia,* 3 D.&C.3d 763, 765 (1978); *Santana v .*

*Wentzien,* 26 D.&C.4th 22, 26 (1995). "Unlike counter-claims, affirmative defenses are *compulsory* and therefore must be timely pleaded or they are forever lost." *Id.* (emphasis in original); see also, *Bender's Floor Covering Co. v. Gardner,* 387 Pa. Super. 531, 536, 564 A.2d 518, 521 (1989). "The failure to raise an 'affirmative defense'... will result in a waiver of the defense." *Nasser v. Empire Sanitary Landfill Inc.,* 433 Pa. Super. 391, 396, 640 A.2d 1315, 1317 (1994).

In the instant matter, defendant filed an answer with new matter on or about October 22, 2001. Contained in the new matter were the following defenses:

"(12) Plaintiffs have not stated a cause of action upon which they may base a recovery. . . .

"(21) The plaintiff's complaint fails to state a valid cause of action against the defendant for noneconomic losses purportedly arising out of the subject motor vehicle accident."

Based upon our review of paragraphs 12 and 21 of defendant's new matter, defendant has properly raised as an affirmative defense the inability for plaintiffs to recovery any noneconomic losses as damages in this case, and accordingly, such defense has not been waived. We must now interpret Pennsylvania Conflicts of Law rules to determine whether to apply the New Jersey Deemer Statute to plaintiffs' claim for damages arising out of the motor vehicle accident that occurred on August 28, 1999.

### 2. *Applicability of New Jersey Verbal Threshold/ Deemer Statute*

It is well-settled that if a Pennsylvania court has jurisdiction over a dispute, the court will apply Pennsylvania

conflicts of law principles to decide which state's law governs the matter. *Miller v. Gay,* 323 Pa. Super. 466, 470 A.2d 1353 (1984). In *Griffith v. United Air Lines Inc.,* 416 Pa. 1, 203 A.2d 796 (1964), our Supreme Court abandoned the lex loci delicti rule that had been employed in choice of law questions and adopted the "significant relationship" theory. As such, under principles of comity, the rights and liabilities of the parties with respect to a tort action are determined by the law of the state which has the most significant relationship to the occurrence and the parties. *Id.;* see also, Restatement (Second) of Conflicts of Laws §§145, 146; *Giovanetti v. Johns-Manville Corp.,* 372 Pa. Super. 431, 539 A.2d 871 (1988); *Miller v. Gay, supra,* 323 Pa. Super. 466, 470 A.2d 1353 (1983). We must evaluate the following contacts, qualitatively rather than quantatively to determine which state law applies to the instant matter, Pennsylvania or New Jersey: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship between the parties is centered. See *Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970); *Laconis v. Burlington County Bridge Commission,* 400 Pa. Super. 483, 491-92, 583 A.2d 1218, 1223 (1990). Furthermore, under the principles of section 146 of the Restatement (Second) Conflicts of Laws:

"In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant re-

lationship under the principles stated in section 6 to the occurrence and the parties, in which event the local law of the other state will be applied."

Applying these principles to the present case, New Jersey clearly has the most significant relationship to these parties and this tortious occurrence. The place of injury and tortious conduct occurred on Interstate 78 in the Municipality of Perryville, County of Hunterdon, in the State of New Jersey. Additionally, defendant, Heather M. Reed, was charged with and pled guilty to careless driving and driving while under the influence of alcohol in the State of New Jersey. The plaintiffs are domiciled in New York and were traveling through New Jersey at the time of the accident. The sole connection with Pennsylvania in the instant case is that defendant resides here. These contacts both qualitatively and quantatively compel application of New Jersey law. We find no significant relationship to Pennsylvania that would call for application of our law rather than that of New Jersey.

## 3. *Genuine Issues of Material Fact Exist to Preclude Partial Summary Judgment*

Partial summary judgment is not appropriate because a genuine issue of material fact exists on the record. New Jersey's "verbal threshold" applies to insurance policies of out-of-state residents using their automobiles in New Jersey if their insurers are authorized to do business in New Jersey. *Whitaker v. DeVilla,* 147 N.J. 341, 687 A.2d 738 (1997). The "Deemer Statute" limits the rights of nonresidents to sue for noneconomic loss by automatically assigning a "verbal threshold" tort option to non-

residents involved in accidents in New Jersey. *Taylor v. Rorke,* 279 N.J. Super. 63, 652 A.2d 207 (A.D. 1995). The rationale for this verbal threshold is New Jersey's legitimate interest in its insurance scheme. *Id.* This policy does not effectively cut off nonresidents' rights to compensation. *Id.* The relevant language of the New Jersey Verbal Threshold/Deemer Statute, N.J.S.A. 39:6A-8 provides:

"Every owner, registrant, operator or occupant of an automobile . . . is hereby exempted from tort liability for noneconomic loss . . . as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this state, unless that person has significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement."

The Deemer Statute further provides that "an injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." See N.J.S.A. 39:6A-8(a).

In the present case, a genuine issue of material fact exists as to whether the injuries sustained by plaintiff, Joseph M. Leonard are "permanent" as defined under the statute. If Mr. Leonard's injuries are "permanent within a reasonable degree of medical probability," he is entitled to recovery of noneconomic damages, including punitive damages, pursuant to the New Jersey Verbal Threshold/Deemer Statute. The question of whether plaintiff's injuries are permanent is for the jury to decide. The jury must hear testimony from plaintiff's and

defendant's physicians regarding Mr. Leonard's medical diagnosis, treatment and prognosis. It is then for the jury to decide whom they believe and to weigh the facts and evidence accordingly. While N.J.S.A. 39:6A-8(a) does articulate a test for determining the permanency of an injury, we believe the jury should determine, based upon the evidence presented, whether Mr. Leonard's injuries are permanent. We are not in a position to deprive plaintiffs of the opportunity to place this issue before the jury. Reasonable minds could differ as to the ultimate outcome of this issue and therefore, it would be improper to grant defendant's motion for partial summary judgment.

Wherefore, we enter the following:

## ORDER

And now, January 15, 2003, upon consideration of defendant's, Heather M. Reed, motion for partial summary judgment, it is hereby ordered and decreed that said motion is denied. This court is to apply New Jersey law, specifically the New Jersey Verbal Threshold/Deemer Statute, N.J.S.A. 39:6A-8 and N.J.S.A. 17:28-1.4, at the time of trial. The issue of whether plaintiff, Joseph M. Leonard sustained a "permanent injury" is a question which must be decided by the jury.