55 A.3d 1088

Duane REOTT and Patty Reott, Husband and Wife

v.

ASIA TREND, INC., Clam Corporation (as Successor–In–Interest to USL Outdoor Products, Inc.), USL Outdoor Products, Inc., Remington Arms Company, Inc., RA Brands, LLC, and The Sportsman's Guide.

Appeal of Asia Trend, Inc., Remington Arms Company, Inc., RA Brands, LLC and The Sportsman's Guide.

Duane Reott and Patty Reott, Husband and Wife

v.

Asia Trend, Inc., Clam Corporation (as Successor–In–Interest to USL Outdoor Products, Inc.), USL Outdoor Products, Inc., Remington Arms Company, Inc., RA Brands, LLC, and The Sportsman's Guide.

Appeal of Asia Trend, Inc., Remington Arms Company, Inc., RA Brands, LLC and The Sportsman's Guide.

Duane Reott and Patty Reott, Husband and Wife

v.

Asia Trend, Inc., Clam Corporation (as Successor–In–Interest to USL Outdoor Products, Inc.), USL Outdoor Products, Inc., Remington Arms Company, Inc., RA Brands, LLC, and The Sportsman's Guide.

Appeal of Asia Trend, Inc., Remington Arms Company, Inc., RA Brands, LLC and The Sportsman's Guide.

Duane Reott and Patty Reott, Husband and Wife

v.

Asia Trend, Inc., Clam Corporation (as Successor–In–Interest to USL Outdoor Products, Inc.), USL Outdoor Products, Inc., Remington Arms Company, Inc., RA Brands, LLC, and The Sportsman's Guide.

Appeal Of Asia Trend, Inc., Remington Arms Company, Inc., RA Brands, LLC and The Sportsman's Guide.

Supreme Court of Pennsylvania.

Argued Oct. 19, 2011.

Decided Nov. 26, 2012.

230

Michael K. English, Thomas W. King III, Dillon McCandless King Coulter & Graham L.L.P., Butler, Philip J. Mohr, Womble Carlyle, for Remington Arms Company Inc. and RA Brands, LLC.

Kate J. Fagan, Wayman, Irvin & McAuley, L.L.C., Pittsburgh, for The Sportsman's Guide.

John Wright Zotter, Zimmer Kunz, P.L.L.C., Pittsburgh, for Asia Trend Inc.

David Alan Neely, Pittsburgh, for Duane Reott and Patty Reott.

Arthur L. Bugay, Galfand Berger, L.L.P., Philadelphia, for Appellee Amicus Curiae, Pennsylvania Association for Justice.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Justice BAER.

We granted allowance of appeal in this case to determine, as a matter of first impression for this Court, whether a defendant in a products liability action must plead and prove as an affirmative defense that an injured party's alleged "highly reckless conduct" was the sole or superseding cause of the plaintiff's injuries. For the reasons that follow, we agree with the Superior Court that, in order to avoid liability, a defendant raising a claim of highly reckless conduct must indeed plead and prove such claim as an affirmative defense. Moreover, this evidence must further establish that the highly reckless conduct was the sole or superseding cause of the injuries sustained. We therefore affirm the order of the Superior Court.

In January of 2003, Douglas Reott, brother of the Plaintiff–Appellee, Duane Reott,[1] ordered two identical Remington-branded tree stands from The Sportsman's Guide, a mail-order and online catalog of outdoors products. Douglas gave the tree stands to Appellee, who in turn paid Douglas for them. For approximately the next two years, Appellee used one of the tree stands on multiple occasions, while leaving the second sealed in the box. On September 25, 2005, Appellee took the second, previously unused tree stand to his other

---

1. Duane Reott's wife, Patty Reott, has also filed a claim in this case related to loss of consortium. For ease of discussion, we will only refer to Duane as the Appellee herein.

brother Daniel's house, intending to install the second stand in a tree in the vicinity.

Appellee and his brother Daniel assembled the tree stand at Daniel's house, selected a suitable tree, and Appellee utilized a "ladder stick" to climb twenty to twenty-five feet to install the stand in the tree. Upon placing the stand in the tree, Appellee cinched the locking strap around the tree's trunk to secure the stand. Appellee then climbed onto the platform of the tree stand and, while bear hugging the tree, raised himself on his toes and came down on the platform. According to Appellee, this self-taught maneuver, known as "setting the stand," is used to secure the stand firmly in the tree by taking any slack out of the locking strap. Appellee had performed this maneuver, in his estimation, hundreds of times on other stands before September 25, 2005. This time, however, when Appellee came down onto the stand's platform, the locking strap broke, and Appellee fell to the ground. Daniel assisted his brother back to his residence. He subsequently sought medical attention, which revealed that the fall had resulted in a crushed vertebra and fractured wrist. When Appellee and his brother Daniel examined the tree stand, they discovered that the locking strap had been only glued, rather than like a seatbelt, which is glued and stitched.

Appellee, together with his wife, sued four entities, Asia Trend, Inc., Remington Arms Company, Inc., RA Brands, LLC, and The Sportsman's Guide (collectively, Appellants), in strict products liability pursuant to Section 402A of the Restatement (Second) of Torts, alleging that Appellee's injuries were caused by a manufacturing defect in the tree stand, namely, that the locking strap was defectively manufactured in that it was held together only with glue, rather than with glue and stitching. All Appellants filed answers denying the allegations, as well as new matters, which placed responsibility for the incident on Appellee.[2]

2. Specifically, the Sportsman's Guide raised product misuse and material alteration of the product as affirmative defenses. *See* Answer and New Matter of the Sportsman's Guide at ¶ 53. Remington and RA Brands alleged that Appellee was barred from recovery under the

Upon the conclusion of the introduction of evidence at trial, Appellee moved for a directed verdict, arguing to the trial judge that uncontroverted evidence existed that the tree stand was defective, and that the defect caused Appellee's injuries. *See Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966); *Hadar v. Avco Corp.,* 886 A.2d 225 (Pa.Super.2005) (each providing that a plaintiff in a Section 402A action must prove two things: (1) that the product was defective; and (2) that the defect in the product was a substantial factor in causing the injuries sustained). The trial court agreed with Appellee that the product was defective, and granted a partial directed verdict on that sub-issue only. The court denied the motion for directed verdict regarding causation, and permitted that question to go to the jury.

Appellants presented evidence to the jury that Appellee's self-taught "setting the stand" maneuver constituted highly reckless conduct, which negated Appellee's contention that the defect in the locking strap caused his fall and resultant injuries. After deliberations, the jury returned a verdict in favor of Appellants. Appellee filed for posttrial relief seeking, *inter alia,* judgment notwithstanding the verdict (JNOV), contending error in the trial court's denial of Appellee's motion for a directed verdict. The trial court denied the posttrial relief, finding that evidence concerning Appellee's highly reckless conduct raised a jury question concerning Appellee's proof of causation, which the jury, as exhibited by the verdict, resolved against Appellee.

Appellee filed a timely appeal to the Superior Court, alleging that the trial court erred when it determined that a defendant may present evidence of highly reckless conduct merely to rebut evidence of causation, thus leaving the plain-

"Doctrine[s] of Assumption of the Risk [and] Product Misuse," and further that Appellee conducted himself in a highly reckless fashion. *See* Answer and New Matter of Remington and RA Brands at ¶¶ 55, 56, & 57. Remington/RA Brands did not specifically raise highly reckless conduct as an affirmative defense. *See id.* at ¶ 57. Finally, Asia Trend averred that Appellee assumed the risk of potential injury and that the incident was caused by a superseding or intervening cause. *See* Answer and New Matter of Asia Trend at ¶¶ 56 & 57.

tiff with the sole burden of proof, consistent with the two-part inquiry of *Webb* and *Hadar* (that the tree stand was defective and that the defect was a substantial factor in Appellee's injuries). *See Reott v. Asia Trend, Inc.*, 7 A.3d 830 (Pa.Super.2010).

The court began its analysis by noting that, while evidence of a plaintiff's conduct, especially contributory negligence, is generally not permitted in a Section 402A case, "[i]n certain limited circumstances, evidence of a plaintiff's conduct may be admissible, specifically where the defendant alleges that the plaintiff's voluntary assumption of the risk, product misuse, or highly reckless conduct is relevant to the issue of causation." *Id.* at 836 (citing *Gaudio v. Ford Motor Co.*, 976 A.2d 524, 540 (Pa.Super.2009), *appeal denied*, 605 Pa. 686, 989 A.2d 917 (2010)). The panel then related that highly reckless conduct occurs when "the plaintiff knew or had reason to know of facts which created a high degree of risk of physical harm to himself and that he deliberately act[s], or fail[s] to act, in conscious disregard of that risk." *Id.* (citing *Charlton v. Toyota Indus. Equip.*, 714 A.2d 1043, 1047 (Pa.Super.1998)).

The panel then conducted a survey of Pennsylvania products liability law and determined that assumption of the risk, product misuse, and highly reckless conduct "are all *affirmative* defenses for which the defendant asserting them bears the burden of proof." *Id.* at 837 (emphasis in original) (citing, *e.g.*, *Falyk v. Pa. R. Co.*, 256 Pa. 397, 100 A. 961, 963 (1917) (noting, in a pre-Section 402A case, that assumption of the risk generally is an affirmative defense); *Gaudio*, 976 A.2d at 541 (in a Section 402A case, highly reckless conduct claim requires a "defendant to prove that the use was so extraordinary and unforeseeable to constitute a superseding cause."); *Charlton*, 714 A.2d at 1047 (in a Section 402A action defendant was required to show that plaintiff knew or should have known that his actions were highly reckless); *Childers v. Power Line Equip. Rentals, Inc.*, 452 Pa.Super. 94, 681 A.2d 201, 208 (1996), *appeal denied*, 547 Pa. 735, 690 A.2d 236 (1997) (in an action for products liability, product misuse and highly reck-

less conduct are affirmative defenses)).[3] In accord with these cases, the court also held that a defendant had the burden of proving that a plaintiff's highly reckless conduct was the sole or superseding cause of his injuries.

Concluding that a two-part burden is placed on defendants alleging highly reckless conduct (*i.e.*, affirmative proof that the plaintiff acted in a highly reckless manner and that such conduct was the sole or superseding cause of the injuries), the panel proceeded to examine the evidence presented at trial. Regarding, first, Appellee's conduct, the panel concluded that it reasonably could have been "within [the] jury's province" to conclude that Appellee knew, understood, and appreciated that his conduct carried a risk of falling. *Reott*, 7 A.3d at 838. However, the panel noted that Appellants presented no evidence at trial to show that the force with which Appellee set the stand was sufficient, in and of itself, to cause the stand to fall from the tree. Accordingly, the panel determined that the trial court should have granted Appellee's request for JNOV on the issue of causation, because "the evidence introduced at trial was insufficient as a matter of law to support [Appellants' affirmative] defense of highly reckless conduct." *Id.* at 839. As Appellants did not satisfy their burden, the Superior Court directed that judgment be entered in favor of Appellee, and a new trial be held limited to the issue of damages. *Id.* at 841.

Appellants filed a joint petition for allowance of appeal to this Court, which we granted pertaining to two issues:

1. Did the Superior Court err in its determination that the assertion of highly reckless conduct is an affirmative defense contrary to prior decisions of this Court and of the Superior Court which classify such assertion as a denial of causation?

2. Did the Superior Court err in its determination to expand the requirements for proof of highly reckless conduct in contravention of prior decisions of that same [c]ourt?

---

**3.** We note that *Falyk* is a decision of this Court that pre-dates the Restatement (Second) of Torts by almost fifty years; the *Gaudio, Charlton,* and *Childers* cases are within the Section 402A construct.

*Reott v. Asia Trend, Inc.*, 610 Pa. 410, 20 A.3d 1187 (2011) (*per curiam*).

██ We initially note that this case comes before us from the Superior Court's reversal of the trial court's decision to deny Appellee's motion for JNOV regarding causation. We will reverse a trial court's grant or denial of a JNOV only when we find an abuse of discretion or an error of law. *Dooner v. DiDonato*, 601 Pa. 209, 971 A.2d 1187, 1193 (2009). The questions currently before us, namely whether an assertion of highly reckless conduct is an affirmative defense and, assuming *arguendo* that it is, whether a defendant in proving it must demonstrate that the highly reckless conduct is the sole or superseding cause of the incident, are pure questions of law. Thus, our standard of review is *de novo* and our scope of review is plenary. *Id.*

Concerning, first, the Superior Court's conclusion that highly reckless conduct is an affirmative defense, Appellants argue that this results in a legal impossibility. Appellants note that Pennsylvania procedural law provides that affirmative defenses, in general, defeat causes of action despite a defendant's admission of all of the allegations contained within a complaint. *See* Appellants' Joint Brief at 11 (citing, *e.g.*, *Pisiechko v. Diaddorio*, 230 Pa.Super. 295, 326 A.2d 608, 610 (1975) (affirmative defenses may be raised as a new matter to a complaint, which, "taking all of the allegations of the complaint to be true, is nevertheless a defense to the action.")).

On the facts of this case, Appellants contend that should they be required to allege highly reckless conduct as an affirmative defense, they would be forced to admit as true the allegations in Appellee's complaint (*i.e.*, that the locking strap was defective and this defect was the cause of the injury), while then simultaneously being required to prove that Appellee's highly reckless conduct caused his injuries. In Appellants' view, these two positions are mutually exclusive, and thus the Superior Court erred as a matter of law in forcing them into arguing a legal impossibility.

Appellants also point to this Court's 1975 plurality decision in *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975), as evidence that we have previously permitted evidence of highly reckless conduct to be admitted to rebut causation, rather than as an affirmative defense. There, a helicopter crash killed the pilot, and his estate filed a wrongful death suit against the helicopter's manufacturer under Section 402A. The manufacturer retorted that the pilot had "abnormally used" the helicopter during takeoff, which caused the crash.[4]

In determining whether the decedent-pilot's alleged abnormal use of the helicopter was properly admitted at trial, this Court first reiterated the common mantra in Section 402A cases that evidence of negligence and reasonableness on the part of a plaintiff is not relevant. *See id.* at 900. However, Appellants herein emphasize that we found evidence of a plaintiff's abnormal use is both relevant and permissible in a Section 402A case, but "only for the purpose of rebutting the plaintiff's contentions of defect and proximate cause. It is not properly submitted to the jury as a separate defense." *Id.* at 901.

Appellants argue that we should uphold this language from *Berkebile,* because it is consistent with the burden of proof placed upon all plaintiffs in Section 402A cases: that the product was defective and the proximate cause of the injuries suffered, and defendants may present evidence to negate either prong, but specifically causation. Otherwise, in Appellants' view, we would be improperly shifting the burden of proof concerning causation to them. Similarly, Appellants aver that branding highly reckless conduct as an affirmative defense usurps the jury's function of resolving disputed issues.

---

4. The trial court in *Berkebile* accepted this theory by the manufacturer-defendant as rebuttal evidence, and charged the jury:

> The defendant is not liable if the product is used in an abnormal manner, or in a way in which it was not designed to be used.... If you take a helicopter and use it abnormally ..., and such improper use was the proximate cause of the accident, that does not make the helicopter defective.... It must be used normally and properly in order for it to be defective and dangerous.

*Id.* at 900.

Regarding the holding by the Superior Court that highly reckless conduct must also be the sole or superseding cause of a plaintiff's injuries, Appellants forward that evidence of sole or superseding cause is simply that—evidence—which can be used to rebut the theory of causation put forth by a plaintiff. Appellants conclude that no court has ever found that highly reckless conduct must be the sole or superseding cause of the accident before a defendant can avoid liability.

Appellee responds by first pointing to a decision of the United States Court of Appeals for the Third Circuit, *Dillinger v. Caterpillar, Inc.*, 959 F.2d 430 (3d Cir.1992), for the proposition that the federal courts have interpreted Pennsylvania law to require defendants to prove highly reckless conduct as an affirmative defense. In support of this general statement, Appellee points to *Gaudio, supra* p. 6, in which the Superior Court likened highly reckless conduct to "evidence of misuse and requires the defendant to *prove* that the use was 'so extraordinary and unforeseeable as to constitute a superseding cause.'" Brief of Plaintiff at 22 (quoting *Gaudio,* 976 A.2d at 541 (quoting *Dillinger,* 959 F.2d at 431)) (emphasis supplied by Plaintiff).

Appellee notes that under Pennsylvania jurisprudence, affirmative defenses pleaded as new matter are distinguished from mere answers and denials of the allegations raised in a complaint, because affirmative defenses raise matters and facts that are extrinsic to those brought forward by a plaintiff. *Id.* at 24 (citing *Moore v. Kulicke & Soffa Indus., Inc.,* 318 F.3d 561, 569–70 (3d Cir.2003) (interpreting Pennsylvania law)). Here, Appellee contends that Appellants, to prove that he acted in a highly reckless manner, would have had to bring in facts not contained in the original complaint, such as expert testimony exhibiting the amount of force Appellee placed on the stand platform when performing the setting maneuver.[5]

5. Indeed, much of Appellee's brief to this Court focuses on the dearth of any evidence supplied by Defendants at trial to dispute the simple allegations in the complaint: the locking strap was defectively manufactured and broke, thus causing the stand to collapse and Appellee to be injured. In furtherance of this focus, Appellee argues that whether this Court concludes that highly reckless conduct should be considered an

Thus, in Appellee's view, highly reckless conduct is properly submitted only as an affirmative defense.

Concerning sole or superseding cause, Appellee repeatedly cites to the various Superior Court cases, *see supra* pp. 6–7, which hold that in order to bar a plaintiff's recovery in Section 402A cases, defendants must show that highly reckless conduct is the sole or superseding cause of an accident. Thus, to the extent Defendants in this case argue that the Superior Court "improperly expanded" the elements of highly reckless conduct to include sole or superseding causation, Appellee notes that the Superior Court was merely following its own precedent.

■ By definition, an affirmative defense pertains to "a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's ... claim, even if all the allegations in the complaint are true." Black's Law Dictionary 186 (2d Pocket Ed.) (2001). Generally, affirmative defenses in Pennsylvania must be pleaded by a defendant by way of New Matter in a responsive pleading. *See* Pa.R.C.P. 1030(a).[6] Rule 1030(a) lists, non-exclusively, several types of affirmative defenses available to defendants in various matters. Specific to tort,

affirmative defense or rebuttal evidence, Appellants failed in any manner to counter by way of any substantive evidence Appellee's contention that the defectively manufactured locking strap caused the stand collapse.

**6.** Pennsylvania Rule of Civil Procedure 1030 provides, in its entirety:
(a) Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.
(b) The affirmative defenses of assumption of the risk, comparative negligence and contributory negligence need not be pleaded.
Note: If a defendant pleads the affirmative defenses set forth in subdivision (b), they shall be deemed denied and the plaintiff need not reply.
Defenses which are not required to be pleaded are not waived. See Rule 1032(a).

and, necessarily Section 402A actions,[7] Rule 1030(b) provides that the affirmative defense of assumption of the risk, unlike those delineated specifically and by reference in Rule 1030(a), need not be pleaded. Accordingly, this defense is always available to a defendant in products liability case, and becomes relevant in "an appropriate case without the necessity of pleading [it]." *Id.* (comment). Moreover, failure to raise the defense of assumption of the risk in a new matter does not result in waiver. *Id.* (comment). Neither Rule 1030(a) nor 1030(b) speak distinctly, however, to highly reckless conduct.

Thus, our examination begins with assumption of the risk, which, as Rule 1030(b) illustrates, has universally been accepted as an affirmative defense. For example, the Restatement (Second) of Torts has explicitly regarded assumption of the risk as an affirmative defense: "If the defendant would otherwise be subject to liability to the plaintiff, the burden of proof of the plaintiff's assumption of risk is upon the defendant." Restatement (Second) of Torts § 496G. The Restatement continues that assumption of the risk is only relevant "where there would otherwise be a breach of some duty owed by the defendant to the plaintiff. It is then a defense, which relieves the defendant of the liability to which he would otherwise be subject. The burden of proof is therefore upon the defendant." *Id.*, cmt. c. Specific to Section 402A cases, assumption of the risk "is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery." *Id.* § 402A, cmt. n.

This Court has adopted comment n. as the law of Pennsylvania. *Ferraro v. Ford Motor Co.*, 423 Pa. 324, 223 A.2d 746, 748 (1966). While the *Ferraro* decision did not explicitly state that assumption of the risk is an affirmative defense in a Section 402A case, as noted, this Court has unfailingly described assumption of the risk as an affirmative defense in

---

7. Of course, strict liability cases are a variant of trespass matters and do not proceed in accord with rules other than those establishing Pennsylvania civil procedure.

other contexts. *See Falyk,* 100 A. at 963 ("The burden of proof as to the assumption of risk is upon the defendant."); *see also Howell v. Clyde,* 533 Pa. 151, 620 A.2d 1107, 1113 (1993) (plurality) (Nix, C.J., dissenting) (indicating that assumption of the risk is an affirmative defense); Pa. R.C.P. 1030(b). Indeed, while this Court has at times considered abolishment or revision of assumption of the risk as an affirmative defense within Pennsylvania law, these efforts always provided that the doctrine would continue unblemished in Section 402A cases. *See Rutter v. Northeastern Beaver County Sch. Dist.,* 496 Pa. 590, 437 A.2d 1198, 1209–10 (1981) (plurality) ("except where specifically preserved by statute[,] or in cases of express assumption of risk, or cases brought under [Section] 402A, (a strict liability theory), the doctrine of assumption of risk is abolished."), *cited in Howell,* 620 A.2d at 1108 (discussing assumption of the risk within Pennsylvania law generally). Thus, we have no hesitation in initially concluding that assumption of the risk is an affirmative defense available to defendants in a products liability action.[8]

Appellants in this case, however, have styled Appellee's conduct as highly reckless, rather than as either assuming the risk or product misuse.[9] As evinced by this appeal, this Court has never before had the occasion to address the interplay of these three concepts; but, the Superior Court has, in the past, artfully explained the similarities that exist between these principles.

To establish voluntary assumption of the risk, the defendant must show that the buyer knew of a defect and yet voluntarily and unreasonably proceeded to use the product. To establish misuse of the product, the defendant must show

**8.** A number of Superior Court cases have uniformly, in Section 402A cases, described assumption of the risk as an affirmative defense. *See e.g. Hadar,* 886 A.2d at 228; *Bullman v. Giuntoli,* 761 A.2d 566, 570 (Pa.Super.2000).

**9.** We do not criticize Appellants' averments in this regard. As is explained, *infra,* to assume the risk a victim must act while aware of the product defect, and there is no such evidence in this case. Rather, Appellants seek to argue highly reckless conduct, which is analogous to product misuse to the extent that neither requires a defendant to prove that a plaintiff had prior knowledge of the product's alleged defect.

that the use was "unforeseeable or outrageous." Highly reckless conduct is akin to evidence of misuse and requires the defendant to prove that the use was so extraordinary and unforeseeable as to constitute a superseding cause. *Gaudio*, 976 A.2d at 541 (internal citations and quotations omitted). The Superior Court has consistently regarded highly reckless conduct as "akin" to product misuse, and, furthermore, has on at least one occasion described highly reckless conduct in terms similar to assumption of the risk:

> In order to demonstrate that decedent's actions were highly reckless, it was necessary for [defendants] to show that decedent knew or had reason to know of facts which created a high degree of risk of physical harm to himself or that he deliberately proceeded to act, or failed to act, in conscious disregard of that risk.

*Childers*, 681 A.2d at 208 (citing *Brandimarti v. Caterpillar Tractor Co.*, 364 Pa.Super. 26, 527 A.2d 134 (1987)).

While there are some conceptual nuances between assumption of the risk and highly reckless conduct, in that assumption of the risk involves knowledge of the product's defect where highly reckless conduct does not, we fail, generally, to recognize a similar nuance between product misuse and highly reckless conduct. Both misuse and highly reckless conduct involve a plaintiff's unforeseeable, outrageous, and extraordinary use of a product. In our view, to misuse a product in an "unforeseeable and outrageous" fashion is to conduct oneself in a highly reckless manner. In any event, under the Superior Court's analysis of these three theories, they each require a defendant to prove that a plaintiff acted in a manner illustrating the plaintiff's conscious understanding of the risks involved either in (1) merely using the product or (2) using the product in an unanticipated and dangerous manner.[10]

10. We note further that while the Superior Court's jurisprudence in this area does not explicitly link product misuse or highly reckless conduct to Rule 1030, given the court's consistent treatment of product misuse and highly reckless conduct as affirmative defenses under common law, we have no difficulty in concluding that our intermediate appellate court would likewise consider product misuse and highly reckless conduct to fall under the non-inclusive umbrella of Rule 1030(a).

Given the inherent parallels between these concepts, we further note that while many of our sister supreme courts do not speak of highly reckless conduct in products liability cases, they do discuss product misuse as an affirmative defense and in a manner analogous to highly reckless conduct. For example, the Supreme Court of Arizona uses the term "misuse" in a broad manner, to describe conduct that is "so rare and unusual" that if proven by a defendant, it precludes a plaintiff from recovery in strict liability. *Jimenez v. Sears, Roebuck & Co.*, 183 Ariz. 399, 904 P.2d 861, 864–65 (1995). Proof by the defendant of misuse "was an absolute defense to liability," yet proceeding under a misuse theory did not require the defendant to prove a plaintiff's knowledge of a product's defect, as assumption of the risk defenses necessitate. *Id.* at 865. Other courts have reached similar conclusions. *See e.g. Horn v. Fadal Machining Ctrs., LLC,* 972 So.2d 63, 79 (Ala.2007) (product misuse requires "the defendant must establish that the plaintiff used the product in some manner different from that intended by the manufacturer."); *Cyr v. J.I. Case Co.,* 139 N.H. 193, 652 A.2d 685, 695 (1994) (abnormal use and product misuse, described as "plaintiff's misconduct," are both affirmative defenses to strict liability claims); *Standard Havens Prods., Inc. v. Benitez,* 648 So.2d 1192, 1197 (Fla.1994) (in context of Florida's strict liability scheme, product misuse is an affirmative defense that merges into comparative negligence concepts, when product is used in an unforeseeable manner); *Lutz v. Nat'l Crane Corp.,* 267 Mont. 368, 884 P.2d 455, 458 (1994) (by statute, product misuse is an affirmative defense to a strict liability action, which describes abnormal conduct by a plaintiff); *Anderson v. Louisiana–Pacific,* 859 P.2d 85, 88–89 (Wyo.1993) (consistent with both the development of the common law and Section 402A, product misuse is an affirmative defense which must be something more than mere careless use of the product.); *see also Morden v. Continental AG,* 235 Wis.2d 325, 611 N.W.2d 659, 679 (2000) (product misuse is an affirmative defense).[11]

11. *But see D'Amario v. Ford Motor Co.,* 806 So.2d 424, 431 n. 9 (Fla.2001) (reasoning misuse of a product is considered during the

However, under Pennsylvania's scheme of products liability, evidence of highly reckless conduct has the potential to erroneously and unnecessarily blend concepts of comparative/contributory negligence with affirmative proof that a plaintiff's assumption of the risk, product misuse, or, as styled herein, highly reckless conduct was the cause of the injury. Indeed, without some further criteria, highly reckless conduct allegations by defendants could become vehicles through which to eviscerate a Section 402A action by demonstrating a plaintiff's comparative or contributory negligence.

Again, the Arizona Supreme Court provides guidance in this regard. In the misuse context, such conduct is again, "so rare and unusual, and thus unforeseeable, that it [is] treated as a superseding cause to the product defect." *Jimenez*, 904 P.2d at 865 (citing Prosser & Keeton on the Law of Torts § 102 (5th ed.1984)). The court continues that misuse "bar[s] recovery because the defendant's fault in distributing a defective product did not cause the plaintiff's injuries," and thus the misuse is an absolute defense to strict products liability. *Id.* Indeed, if a plaintiff acts in a highly reckless manner, and such conduct relieves a defendant of liability, it must be because the "defendant's fault in distributing a defective product did not cause the plaintiff's injuries." *Id.* In the aforementioned cases, the Superior Court has come to a similar conclusion: "Highly reckless conduct . . . requires the defendant to prove that the use was so extraordinary and unforeseeable as to constitute a superseding cause." *Gaudio*, 976 A.2d at 540–41 (quoting *Dillinger*, 959 F.2d at 431); *Madonna*, 708 A.2d at 509 (holding that a defendant-manufacturer properly and sufficiently offered proof that highly reckless conduct by the operator of a motorcycle was the sole cause of injuries sustained, despite the existence of a faulty brake caliper). In other words, the highly reckless conduct either caused the

jury's determination of causation); *Jurado v. W. Gear Works*, 131 N.J. 375, 619 A.2d 1312, 1317 (1993) ("The absence of misuse is part of the plaintiff's case. Misuse is not an affirmative defense. Thus, the plaintiff has the burden of showing that there was no misuse or that the misuse was objectively foreseeable.") (internal citation omitted).

injury sustained or superseded the defective nature of the product.

Despite this well-reasoned jurisprudence, Appellants point us to *Berkebile,* in which a plurality of this Court noted that evidence of "abnormal use," while similar to evidence of contributory or comparative negligence in that a plaintiff's conduct is scrutinized, would be permitted in a Section 402A case but "only for the purpose of rebutting the plaintiff's contentions of defect and proximate cause. It is not properly submitted to the jury as a separate defense." *Berkebile,* 337 A.2d at 901. Appellants argue that "abnormal use" can be used synonymously with "highly reckless conduct," and thus contend that this Court has explicitly held that highly reckless conduct is not an affirmative defense. Appellants' position, however, is untenable.

First, *Berkebile* was a plurality decision, with only two of seven justices subscribing to the position contained within the lead opinion that abnormal use could not be "submitted to the jury as a separate defense." *Id.* Accordingly, while Appellants point to *Berkebile* as positive law, a majority of this Court has never stated that abnormal use, and by extension product misuse or highly reckless conduct, is proper only as rebuttal evidence; thus, the statement in *Berkebile* that abnormal use may not be submitted as a separate defense is not binding on this Court. *See e.g. Hoy v. Angelone,* 554 Pa. 134, 720 A.2d 745, 750 (1998).[12]

12. Chief Justice Jones penned the opinion announcing the judgment of the court in *Berkebile,* which only Justice Nix joined. Justices Roberts and Pomeroy filed separate concurring opinions, neither of which expressed a view concerning the role of abnormal use evidence as an affirmative defense. Justices Eagen, O'Brien, and Manderino concurred in the result only. The Dissent criticizes our disinclination to rest this case on *Berkebile* due to subsequent decisions of various courts, which cite to Chief Justice Jones' opinion with approval. *See* Dissenting Op. at 258 n. 7, 55 A.3d at 1106 n. 7 (*citing, e.g., Azzarello v. Black Bros. Co., Inc.,* 480 Pa. 547, 391 A.2d 1020 (1978); *Lewis v. Rego Co.,* 757 F.2d 66 (3d Cir.1985); Dambacher by *Dambacher v. Mallis,* 336 Pa.Super. 22, 485 A.2d 408 (1984)). Respectfully, the Dissent's criticism and ultimate implementation of the lead opinion in *Berkebile* is inapt for several reasons.

Moreover, the aforementioned jurisprudence, including the treatment of assumption of the risk by the Restatement (Second) of Torts; well-established similarities between assumption of the risk, product misuse, and highly reckless

First, the Dissent asserts that the statement in Chief Justice Jones' opinion—that evidence of "abnormal use" is not properly submitted as an affirmative defense—is currently positive law in the Commonwealth because the former Chief Justice's opinion was later "cited with approval" by a unanimous court in *Azzarello* and subsequent Section 402A cases. *Azzarello* concerned only whether the phrase "unreasonably dangerous," as contained in Section 402A, could properly be used in jury instructions in Pennsylvania products liability cases. While the *Azzarello* Court may have "cited with approval" Chief Justice Jones' *Berkebile* opinion in this regard, it certainly did not consider, let alone adopt, any statement by Chief Justice Jones that "abnormal use" cannot be submitted as an affirmative defense.

Second, while we recognize that the United States Court of Appeals for the Third Circuit has theorized that Chief Justice Jones' opinion on the utilization of "abnormal use" evidence has been adopted by this Court through *Azzarello*, again, a careful reading of *Azzarello* reveals nothing of the sort. Notably, since the federal court of appeals' decision in *Lewis*, the Superior Court has consistently treated product misuse and highly reckless conduct as affirmative defenses, as demonstrated by the cases discussed herein.

Third, the precedent string-cited by the Dissent in furtherance of its claim that *Berkebile* controls this case only reflects that this Court has "cited with approval" *Berkebile* for two reasons: (1) the general elements a plaintiff must prove in a Section 402A case; and (2) the often-stated maxim that no theories of negligence are permitted in Pennsylvania Section 402A cases. Neither of these precepts are questions in this case, nor do the cited cases concern themselves with abnormal use, product misuse, or highly reckless conduct.

Finally, we must comment that the Dissent's citation to and employment of the lead opinion in *Berkebile* does not support the Dissent's ultimate conclusion that highly reckless conduct may be asserted as an affirmative defense in some instances, but not in others. *See* discussion *infra*, pp. 247–49, 55 A.3d pp. 1100–01; *see also* Dissenting Op. at 259–60, 55 A.3d at 1107–08 (commenting that highly reckless conduct may not be asserted as an affirmative defense if the defendant contends that such conduct was the "sole cause" of sustained injuries). As Appellants herein have argued, accepting Chief Justice Jones' opinion on its face would preclude abnormal use/product misuse/highly reckless conduct from being asserted as an affirmative defense in a Section 402A case in any circumstance. Our examination of the principles of affirmative defenses and strict products liability, *supra*, has belied this conclusion, and, even the Dissent, in part, contradicts itself in this regard. *See* Dissenting Op. at 259–60, 55 A.3d at 1107–08 (agreeing that highly reckless conduct may be asserted as an affirmative defense if the defendant alleges that such conduct was a "superseding cause" of the sustained injuries). Thus, the citation to *Berkebile* simply does not support the positions taken by the Dissent.

conduct; the consistency in which the Superior Court has treated the three doctrines all as affirmative defenses; and the holdings by our sister supreme courts regarding these doctrines as affirmative defenses, all overshadow the non-precedential sentiments raised by the lead opinion in *Berkebile* that "abnormal use" is to be used as rebuttal evidence only.

Furthermore, we succinctly reject Appellants' procedural argument that highly reckless conduct cannot be affirmatively pleaded in the alternative. The Rules of Civil Procedure provide that "causes of action and defenses may be pleaded in the alternative." Pa.R.C.P. 1032(c). In other words, despite Appellants' consternations concerning legal impossibilities, there is nothing in Pennsylvania's rules of procedure that would prohibit a defendant in a products liability action from denying a plaintiff's averments of causation in an answer, while simultaneously pleading an affirmative defense of assumption of the risk, product misuse, or highly reckless conduct in the alternative. Indeed, it is done routinely.

For much the same reason, we reject the Dissent's position that an allegation by a defendant that a plaintiff's highly reckless conduct constituted a "superseding cause" of the injuries sustained must be pursued as an affirmative defense, while the same, which establishes a "sole cause," may only exist as rebuttal evidence of causation. The Dissent rightfully notes that highly reckless conduct "is raised when the plaintiff's action is so reckless that the plaintiff would have been injured despite the curing of any alleged defect, or is so extraordinary and unforeseeable as to constitute a superseding cause." Dissenting Op. at 254, 55 A.3d at 1104 (quoting *Burch v. Sears, Roebuck & Co.*, 320 Pa.Super. 444, 467 A.2d 615, 619 (1983)). This accepted definition of highly reckless conduct exemplifies that a defendant can affirmatively plead and prove "sole cause," *i.e.*, that a curing of any defect would not have prevented the injury because only the plaintiff's conduct caused the injury; or "superseding cause," *i.e.*, that the plaintiff acted in such an outrageous and unforeseeable fashion that the conduct superseded any "but for" or legal causation the product contributed to the injuries. *See also*

*Jimenez,* 904 P.2d at 865 (finding that product misuse bars a plaintiff's recovery because the defect in the defendant's product "did not cause the plaintiff's injuries.").[13] Thus, the rules of pleading and procedure provide no barrier to this Court ultimately concluding that highly reckless conduct is an affirmative defense, for, as noted, nothing impedes a defendant from denying a plaintiff's factual and legal averments while simultaneously asserting, in the alternative, all meritorious affirmative defenses, regardless of inconsistency.

 Accordingly, and consistent with all of the foregoing, we hold that a defendant in a Section 402A action must plead and prove, as an affirmative defense, that the plaintiff acted in a highly reckless manner, if such conduct is asserted.

**13.** We further note that leading scholars in the area fail to recognize any substantive difference between sole and superseding causes in plaintiff misconduct cases. In practical application, a plaintiff's conduct that could be found to preclude recovery altogether "may sometimes count as a superseding cause, or, as courts often say, the sole proximate cause of the plaintiff's own harm." Dan B. Dobbs, The Law Of Torts § 196 (West 2000). Dobbs notes that the interchangeability of the phrases sole and superseding causes are steeped in "defense rhetoric and may cloud the court's holding with ambiguity." *Id.* § 196 n.2. Thus, while the Dissent posits that our "holding runs the real risk of the issuance of confusing jury instructions on causation and on the respective burdens of proof that are placed on parties in products liability cases," Dissenting Op. at 259, 55 A.3d at 1107, should the Dissent's suggestions be accepted, it would be left to the bench and bar at the trial level to untangle in each case whether sole or superseding cause was being asserted; at best an elusive task given the substantial overlap of these concepts in the "real world." Indeed, in practical application, this Court's committee for standard jury instructions recently recognized that Pennsylvania jurisprudence is most faithfully adhered to when trial courts instruct juries solely regarding "factual cause," so as to remove any confusion juries may have in assigning causation, while concomitantly not altering the trial structure. *See* Pa.SSJI (Civ) § 13.160 (subcommittee note); *see also Rodgers v. Yellow Cab Co.,* 395 Pa. 412, 147 A.2d 611, 617 (1959) (opining that the distinction between factual cause, legal cause, and proximate cause "means nothing to the ordinary jury").

Moreover, if the Dissent's position concerning sole cause versus superseding cause would be accepted, we can foresee no astute defense counsel ever pleading superseding cause, and thereby imposing upon himself a burden of proof. Rather, defendants would continuously employ evidence of what the Dissent sees as sole cause to attack a plaintiff's attempt to prove his case without any attendant burden of proof. Indeed, that is what occurred here.

As noted by the various Superior Court decisions on the subject, and in concert with the decisions of our sister Supreme Courts, highly reckless conduct is that which occurs "when the plaintiff would have been injured despite the curing of any alleged defect, or is so extraordinary and unforeseeable as to constitute a superseding cause." *Madonna*, 708 A.2d at 509; *Childers*, 681 A.2d at 208; *Burch*, 467 A.2d at 619; *see also Jimenez*, 904 P.2d at 865. To prove that a plaintiff would have been injured despite any curing of a defect or that the conduct was extraordinary and unforeseeable, the burden is on the defendant to demonstrate that the injured party or decedent "knew or had reason to know of facts which created a high degree of risk of physical harm to himself or that he deliberately proceeded to act, or failed to act, in conscious disregard of that risk." *Childers*, 681 A.2d at 208. As these standards demonstrate, because highly reckless conduct, by its very nature, is that which is essentially unforeseeable and outrageous, if it truly exists in a case, it must be the cause of the injuries sustained.[14] For these reasons, and further to prevent the impermissible blending of negligence and strict liability concepts, should such an affirmative defense be pursued, the burden of proof is on the defendant to show that the highly reckless conduct was the sole or superseding cause of the injuries sustained. As the Superior Court reached the same conclusion, its order is affirmed.

Jurisdiction relinquished.

Justice ORIE MELVIN did not participate in the decision of this case.

Chief Justice CASTILLE and Justices SAYLOR, EAKIN and McCAFFERY join the opinion.

Justice SAYLOR files a concurring opinion.

Justice TODD files a dissenting opinion.

14. We note that what is and is not highly reckless conduct has not been contested before this Court, and the various characterizations of highly reckless conduct illustrated in this opinion have been employed only to examine the appropriateness of treating highly reckless conduct claims as affirmative defenses.

Justice SAYLOR, concurring.

I join the majority opinion, as applied to a manufacturing-defect case. However, particularly in light of the idiosyncratic fashion in which strict-liability jurisprudence has been applied in Pennsylvania, *see generally Bugosh v. I.U. N. Am., Inc.,* 601 Pa. 277, 279–98, 971 A.2d 1228, 1229–40 (2009) (Saylor, J., dissenting), I would not extend such holding to other scenarios (such as strict-liability, design-defect litigation) without careful consideration of the fundamental fairness of doing so in a case or cases presenting material facts. In this regard, I note that strict products liability was originally fashioned with manufacturing defects in mind, and its uncritical extension to other areas, including the design-defect arena, has resulted in tremendous uncertainty, controversy, and instability, which continue to require this Court's attention to remediate beginning at a foundational level. *See id.*

Justice TODD, dissenting.

Today's holding is premised on three conclusions. First, the majority concludes that a defendant sued under Section 402A of the Restatement (Second) of Torts ("Restatement") may offer in its defense one of two theories based on a plaintiff's alleged highly reckless conduct: that the plaintiff's highly reckless conduct was the "sole cause" of the injuries he suffered or, alternatively, that the plaintiff's highly reckless conduct was the "superseding cause" of his harm. *See* Majority Opinion at 249–50, 55 A.3d at 1101. Second, the majority concludes these theories do not differ substantively, and, as such, need not be considered separately nor treated differently. *See id.* at 247–49 & n. 13, 55 A.3d at 1100 & n. 13. Third, the majority concludes that each theory is an affirmative defense. *See id.* at 248–49, 55 A.3d at 1101.

While I have no quarrel with the majority's first conclusion, I cannot agree with the second or the third. A defense which posits that the defect in a product played no causative role in bringing about the plaintiff's harm because his injuries were caused solely by his highly reckless conduct is, under Pennsylvania law, substantively different from a defense which contends that, although the product's defect played a part in

causing the plaintiff's mishap, the plaintiff's highly reckless conduct is a superseding cause that allows the defendant to avoid liability. Indeed, the two defenses are mutually exclusive. Moreover, a sole cause defense, unlike a defense raising superseding cause, cannot be an affirmative defense because it implicates an essential element of the plaintiff's Section 402A claim, referred to as cause-in-fact.

Accordingly, I respectfully dissent. I would remand this matter to the Superior Court to reconsider whether the trial court correctly denied Appellees' motion for judgment notwithstanding the verdict, with the instructions, as discussed below, that the assertion that a plaintiff's highly reckless conduct was the sole cause of his harm is not an affirmative defense, but the assertion that such conduct was a superseding cause is an affirmative defense.[1] My reasoning is as follows.

In Pennsylvania, a plaintiff suing in tort, be it in negligence or, as here, in strict liability under Section 402A, must prove causation, *i.e.*, the requisite causal connection between the

---

1. According to Appellants, "the tree stand did not collapse when Appellee [Duane Reott] initially stepped onto the platform, but only collapsed when [he] performed the so-called 'Setting the Stand' installation maneuver which [he] knew was not called for in the Instructions." Joint Brief of Appellants at 16. In the Superior Court, Appellants articulated their position as follows:

> Taken in the light most favorable to the verdict, the evidence shows that although Mr. Bizzak [Appellees' expert] testified that there was a defect with the Tree Stand, and further testified that if the locking strap came apart there was nothing to hold the Tree Stand to the tree, Mr. Bizzak failed to irrefutably testify *why* the locking strap came apart in this particular case (*i.e.* what *caused* the locking strap to come apart).
>
> \*　　\*　　\*
>
> It is true that the jury could have inferred from the evidence presented that the locking strap came apart simply because [ ] Mr. Reott stood on the Tree Stand and that, as a result of the defect, the Tree Stand gave way. However, it is also true that the jury could have—and apparently did—infer that the locking strap came apart because of Mr. Reott's highly reckless conduct in the manner he set the Tree Stand.

Superior Court Brief of Defendants Remington Arms Company, Inc. & RA Brands LLC, Asia Trend, Inc. and Sportsman Guide at 8 (emphasis original).

defendant's wrongful act (or, as here, the defect in the product) and his injuries. *Hamil v. Bashline*, 481 Pa. 256, 265, 392 A.2d 1280, 1284 (1978). The element of causation consists of two separate and essential concepts: cause-in-fact and legal, or proximate, cause. *Estate of Flickinger v. Ritsky*, 452 Pa. 69, 74, 305 A.2d 40, 43 (1973); *Whitner v. Lojeski*, 437 Pa. 448, 455–57, 263 A.2d 889, 893 (1970). We have defined "cause-in-fact" in the "but for" sense, explaining that a defendant's allegedly wrongful act is a cause-in-fact if the plaintiff proves that the harm he sustained would not have happened, but for the defendant's act. *Whitner*, 437 Pa. at 457, 263 A.2d at 893. We have defined "legal" or "proximate" cause as that point at which legal responsibility should attach to the defendant as a matter of fairness because the plaintiff has demonstrated (in addition to cause-in-fact) that the defendant's act was a "substantial factor" or a "substantial cause," as opposed to an "insignificant cause" or a "negligible cause," in bringing about the plaintiff's harm. *Ford v. Jeffries*, 474 Pa. 588, 594–95, 379 A.2d 111, 114 (1977) ("The determination of [legal or proximate cause] simply involves the making of a judgment as to whether the defendant's conduct although a cause in the 'but for' sense is so insignificant that no ordinary mind would think of it as a cause for which a defendant should be held responsible.").[2] Moreover, Pennsylvania jurisprudence embraces the

---

**2.** It has been repeatedly noted that the terminology the courts use when discussing the components of causation is less than clear. One commentator writes:

> Causation is sometimes used generically to describe both [cause-in-fact and proximate cause.] Yet, not infrequently, courts also use the phrase "proximate cause" to refer in umbrella fashion to cause in fact and proximate causation together and sometimes also when referring to cause in fact alone, since it is part of the umbrella. To complicate matters further, the Restatement (Second) of Torts uses the term "legal causation" to embrace both issues, such that this term is sometimes used to refer to [cause-in-fact], but more commonly to mean proximate cause. .... Because of the varying terminology applied to these two issues, often in the same jurisdiction and sometimes in the same judicial opinion, a lawyer reading cases involving either of these issues—["cause-in-fact"] or "proximate cause"—must read each decision cautiously to ascertain which issue the court truly has addressed.

David G. Owen, *Owens Hornbook on Product Liability*, § 11.1 (Thompson West 2d ed.2008).

concept of "superseding cause." 474 Pa. at 597, 379 A.2d at 115. Accordingly, a defendant whose wrongful act was a cause-in-fact and the proximate cause in producing the plaintiff's harm will be relieved of all liability if an intervening force came into play and so substantially interrupted the chain of events as to be deemed the superseding, and ultimately, the responsible cause of the harm. *Id.*[3]

Some time ago, the Superior Court expressed the view that "[t]he progress of the law in extending liability without fault to product suppliers should not be in disregard of fundamentals pertaining to the tort law of causation." *Oehler v. Davis,* 223 Pa.Super. 333, 298 A.2d 895, 895 (1972). Adhering to this perspective, in *Burch v. Sears, Roebuck and Co.,* 320 Pa.Super. 444, 467 A.2d 615 (1983), the court identified two scenarios in which a plaintiff's highly reckless conduct could be introduced in a Section 402A action: where the defendant asserted that (1) the plaintiff's conduct was the sole cause of his harm, and thus, the defective product was not a cause-in-fact; or (2) the plaintiff's conduct broke the chain causation, of which the defective product was part, and thus, was a superseding cause. The Superior Court reasoned that such an issue of causation was raised "when the plaintiff's action is so reckless that the plaintiff would have been injured despite the curing of any alleged defect, or is so extraordinary and unforeseeable as to constitute a superseding cause." 467 A.2d at 619. Subsequently, the court reiterated and applied this approach in a handful of cases.[4]

---

3. The majority aptly notes Professor Dan B. Dodds' observation that, in some jurisdictions, when a plaintiff's conduct constitutes a superseding cause and thereby becomes the legally responsible cause of his harm, that conduct is designated the "sole proximate cause." *See* Majority Opinion at 249 n. 13, 55 A.3d at 1100 n. 13 (citing Dan B. Dodds, *The Law of Torts* § 196 (West 2000)). However, the conclusion the majority draws from this observation, that "leading scholars in the area fail to recognize any substantive difference between sole and superseding causes in plaintiff misconduct cases," *see* Majority Opinion at 249 n. 13, 55 A.3d at 1100 n. 13, is simply incorrect. There is no support for the proposition that cause-in-fact, which is what the term "sole cause" means in this context, and superseding cause are one in the same.

4. *See, e.g., Clark v. Bil–Jax, Inc.,* 763 A.2d 920, 925 (Pa.Super.2000) (evidence of plaintiff's highly reckless conduct was inadmissible be-

In the instant case, the trial judge, the Honorable Marilyn J. Horan, followed this approach from *Burch* and linked a plaintiff's highly reckless conduct to the causation element in his case, thus rejecting Appellees' contention that such conduct was an affirmative defense that Appellants were required to prove. *See* Trial Court Opinion, 12/14/09, at 4. On appeal, the Superior Court set forth the two scenarios in the *Burch* approach in short-hand fashion. The court stated that a plaintiff's highly reckless conduct is admissible when a defendant offers it to show that such conduct was either "the sole cause"—*i.e.*, it, and no other factor, including the product's defect, played a role in causing the plaintiff's harm—or such conduct was "a superseding cause"—*i.e.*, an intervening force that was so extraordinary and unforeseeable that it is legally responsible for the harm, even though the product's defect played a causative role. *See Reott v. Asia Trend, Inc.*, 7 A.3d 830, 837 (Pa.Super.2010). Then, the Superior Court accepted Appellees' contention and declared a plaintiff's highly reckless conduct to be an affirmative defense in both scenarios in products liability actions. *Id.*

Presently, the majority places this Court's imprimatur on the Superior Court's declaration and holds: "[W]e agree with the Superior Court that, in order to avoid liability, a defendant raising a claim of highly reckless conduct must indeed plead and prove such claim as an affirmative defense. Moreover, this evidence must further establish that the highly reckless conduct was *the sole or superseding cause* of the injuries

cause it was *not* the case that, had the defect in metal scaffolding been cured prior to the accident, the decedent would not have been electrocuted); *Madonna v. Harley Davidson, Inc.*, 708 A.2d 507, 509 (Pa.Super.1998) (evidence of the plaintiff's highly reckless conduct was properly admitted as it showed that, even if the admitted defect in upper mounting bolt on the motorcycle was cured, the accident in which decedent lost control would have occurred anyway, as decedent was driving with a blood alcohol level of .14 percent); *Childers v. Power Line Equip. Rentals*, 452 Pa.Super. 94, 681 A.2d 201, 208 (1996) (evidence of the plaintiff's conduct was not admissible because the conduct reflected lack of due care, not recklessness); *Gottfried v. American Can Co.*, 339 Pa.Super. 403, 489 A.2d 222, 225 (1985) (verdict in tin can manufacturer's favor upheld because a jury could have found that plaintiff cut herself on an exposed, sharp edge of the partially opened can as a result of not looking where she placed her hand).

sustained." Majority Opinion at 232, 55 A.3d at 1090 (emphasis added).[5] Though the defense the majority articulates is cast in the alternative, in terms of sole or superseding cause, the majority draws no distinction between the two. Thus, from this point forward, under the majority's holding, in Pennsylvania, a defendant who raises the plaintiff's highly reckless conduct as a defense in a Section 402A action bears the burden of proof on the issue, *i.e.*, he bears both the burden of production and persuasion, regardless of whether he claims such conduct was the sole cause or the superseding cause of the injuries the plaintiff sustained.[6]

5. The majority reasons that a plaintiff's highly reckless conduct should be an affirmative defense, given the parallels between it and the type of behavior that underlies a plaintiff's assumption of the risk, which is, in Pennsylvania, an affirmative defense; the similarities between conduct that may be deemed highly reckless when using a product and conduct that is labeled product misuse; the fact that some jurisdictions consider product misuse an affirmative defense; and the "consistency" with which the Superior Court has treated a plaintiff's highly reckless conduct, assumption of the risk, and product misuse as affirmative defenses. *See* Majority Opinion at 246–48, 55 A.3d at 1099–1100.

 For my part, for the reasons I discuss herein, the similarities that exist in the acts of a plaintiff characterized as highly reckless, or as assumption of the risk, or as product misuse, and the decisions from other jurisdictions as to the nature of a product misuse defense under their respective common law rules or statutory schemes governing products liability actions, provide an insufficient basis for the majority's holding. Further, in my view, the nature of the defense the Superior Court formulated in *Burch* is not a question the Superior Court has heretofore addressed. Therefore, I do not see the consistency in Superior Court decisions on the question before us that the majority finds compelling, and, at any rate, I would not consider such consistency persuasive, should it exist, given settled principles on the issue of causation.

6. The treatise Standard Pennsylvania Practice succinctly explains the burdens of production and persuasion that comprise the burden of proof as follows:

 The term "burden of proof" has been defined as the duty of establishing the existence of a certain fact or set of facts by evidence which preponderates to a legally required extent. Thus, the term imports the duty of ultimately establishing a given proposition, and it marks the peculiar duty of the party who has the risk of any given proposition on which parties are at issue and who will lose if he does not establish this proposition. When a party is assigned the burden of proof, it must produce sufficient evidence to make a *prima facie* claim for the relief sought or lose summarily. Where the burdened party has presented evidence such that it does not lose summarily, the

For two reasons, both based on principles related to the necessary element of causation in a Section 402A action, *see supra* pp. 5–6, I conclude that a defendant's assertion that a plaintiff's highly reckless conduct was the *sole* cause of his harm is not, and, indeed, cannot be, an affirmative defense. First, it does not operate as an affirmative defense. In Pennsylvania, an affirmative defense embraces matters of confession and avoidance as understood at common law. *Coldren v. Peterman*, 763 A.2d 905, 908 (Pa.Super.2000). That is, the defense does not deny the averments set forth in the plaintiff's complaint. Instead, it accepts the plaintiff's averments as true and states new facts on the theory that such new facts dispose of the claim the plaintiff made. *Id.* To illustrate, the statute of limitations and immunity from suit are affirmative defenses. A defendant who raises them accepts the truth of the complaint's allegations and admits that the plaintiff has proven his case, but, then states new facts that enables him to avoid the liability he would otherwise sustain. *See* Pa.R.Civ.P. 1030.

Clearly, a defendant in a Section 402A action who asserts that a plaintiff's highly reckless conduct was the only reason he was injured—*i.e.*, it was the sole cause of his harm—is not accepting the truth of the allegations in the plaintiff's complaint that the defective product was a cause-in-fact and the proximate cause of his injuries, and, then, avoiding liability with new facts. Rather, in making the assertion, the defendant is denying the averments in the plaintiff's complaint

burden of proof is no longer [relevant] and the fact finder must decide which party prevails based on the weight of the evidence. The concept of burden of proof is to be distinguished from the duty of producing evidence at the beginning or at any subsequent stage of the trial in order to make or meet a prima facie case. The duty of going forward with the evidence requires that if the plaintiff has made out a prima facie case, the defendant should then go forward to meet the plaintiff's case, and that when evidence of the defendant rebuts that of the plaintiff, the plaintiff must then again go forward to rebut the defendant's evidence. Although the burden of going forward with the evidence may shift from one party to the other as the trial progresses, the burden of proof does not shift during the trial but remains on the same party throughout.
8 Standard Pennsylvania Practice § 49:63 (2012).

which establish the element of causation, specifically cause-in-fact, which is part of the plaintiff's case. Thus, such an assertion is not an affirmative defense.

Second, and more significantly, a defendant's contention that the plaintiff's highly reckless conduct was the sole cause of the plaintiff's harm argues that the plaintiff cannot meet *his* burden of proving the element of causation, specifically, *his* burden to establish cause-in-fact. In other words, a defendant who posits that a plaintiff was engaged in highly reckless conduct and that such conduct was the sole cause of his injuries is rebutting the plaintiff's Section 402A claim as to cause-in-fact, contending that the plaintiff has failed to establish, as every plaintiff in a Section 402A action must, that but for the defect in the product, the harm he sustained would not have happened.

We said as much in *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975) (plurality).[7] There, the

7. The majority dismisses *Berkebile* as a plurality opinion and, further, is critical of the guidance I derive from the lead opinion authored by Chief Justice Jones in that case. *See* Majority Opinion at 244–48 & n. 12, 55 A.3d at 1098–1100 & n. 12. Since its issuance, in 1975, Chief Justice Jones' opinion in *Berkebile* has been cited with approval by our Court in any number of majority opinions as to the foundational principles that govern Section 402A actions. I, therefore, presently consider *Berkebile* to be an authoritative statement of Pennsylvania law. *See, e.g., Beard v. Johnson and Johnson, Inc.*, 615 Pa. 99, 41 A.3d 823, 829 n. 8 (2012); *Pennsylvania Dept. of Gen. Services v. United States Mineral Products Co.*, 587 Pa. 236, 264, 898 A.2d 590, 607 (2006); *Spino v. John S. Tilley Ladder Co.*, 548 Pa. 286, 293, 696 A.2d 1169, 1172 (1997); *Davis v. Berwind Corp.*, 547 Pa. 260, 267, 690 A.2d 186, 190 (1997); *Kimco Development Corp. v. Michael D's Carpet Outlets*, 536 Pa. 1, 8, 637 A.2d 603, 606 (1993); *Walton v. Avco Corp.*, 530 Pa. 568, 576, 610 A.2d 454, 458 (1992); *Mackowick v. Westinghouse Elec. Corp.*, 525 Pa. 52, 56, 575 A.2d 100, 102 (1990); *Lewis v. Coffing Hoist Div., Duff–Norton Co.*, 515 Pa. 334, 343, 528 A.2d 590, 594 (1987); *Azzarello v. Black Bros. Co., Inc.*, 480 Pa. 547, 559, 391 A.2d 1020, 1027 (1978). *See also Lewis v. Rego Co.*, 757 F.2d 66, 70–71 & n. 4 (3d Cir.1985) (accepting *Berkebile* as Pennsylvania precedent,); *Dambacher By Dambacher v. Mallis*, 336 Pa.Super. 22, 485 A.2d 408, 426 (1984) (same).

As to the majority's objections to *Berkebile's* treatment of evidence of "abnormal use," any response I might have is beside the point. As I explain, *see supra* n. 5, the issue of product misuse forms no part of my analysis in the present appeal as to what role evidence of the plaintiff's highly reckless conduct as the sole cause of his injuries must play in the

plaintiff, whose husband was killed when the helicopter he was piloting crashed while in flight, brought a Section 402A action claiming that the helicopter was defectively designed because it did not give the average pilot enough time to effect autorotation safely. In discussing the trial court's charge on the elements of the plaintiff's case, the lead opinion, authored by Chief Justice Jones, stated that references in the jury charge to the defendant's evidence regarding the time it took decedent to attempt placing the helicopter in autorotation were erroneous because they essentially directed a verdict against the plaintiff on her theory regarding the helicopter's defective design. At the same time, however, Chief Justice Jones explained that the evidence was relevant to rebut the plaintiff's proof on causation because it tended to show that, even if the helicopter was defective, decedent took longer to attempt autorotation than even a non-defective helicopter would have allowed him. 462 Pa. at 99, 337 A.2d at 901. That is, the evidence negated the plaintiff's proof that, were it not for the defect in the helicopter, the crash and decedent's death would not have occurred. *See id.* ("If the jury were to conclude, for example, that a nondefective system would allow two seconds for autorotation and that the decedent did not attempt autorotation for three seconds; even if a defect was shown, it could not have been the proximate cause [or, more accurately, the cause-in-fact] of the crash.").

Thus, in my view, the majority's ruling herein—that the assertion made by the defendant in a Section 402A case that the plaintiff's highly reckless conduct was the sole cause of his injuries must be pled and proven as an affirmative defense—impermissibly shifts the burden of proof on the element of causation from the plaintiff to the defendant, requires the defendant to disprove cause-in-fact, and effectively overturns any number of this Court's decisions in which we have stated that the element of causation in a products liability action is for the plaintiff to prove *See, e.g., Spino,* 548 Pa. at 293, 696 A.2d at 1172. Further, the majority's holding runs the real

litigation of a Section 402A action on the element of causation in the plaintiff's case.

risk of the issuance of confusing jury instructions on causation and on the respective burdens of proof that are placed on the parties in products liability cases. In addition, it could lead to fatally inconsistent jury findings on the element of causation in the plaintiff's case and that same element which is now an element in the defendant's highly reckless conduct affirmative defense. Accordingly, I would not declare the assertion that the plaintiff's highly reckless conduct was the sole cause of this harm to be an affirmative defense. Instead, I would consider and treat it as a defense that denies and rebuts the plaintiff's case on the element of causation.

By contrast, there are no similar principles in the law that prevent us from declaring that the assertion that a plaintiff's highly reckless conduct was a superseding cause is an affirmative defense, and, indeed, I agree with the majority's ruling to do so. The assertion has the earmarks of an affirmative defense since it avoids the liability that would otherwise be imposed upon a defendant by a plaintiff who has established the elements of his case, including cause-in-fact and proximate cause. *See Coldren, supra.* Further, the policies underlying Section 402A are advanced by requiring a defendant who placed a defective product in the stream of commerce that caused harm to prove, as contended, that he should be, nonetheless, insulated from all responsibility because the plaintiff's conduct, which combined with his product's defect to produce a harmful result, was so significant as to break the chain of proximate cause.[8]

However, my formulation of the defense would differ from that offered by the majority, and would, in keeping with this Court's past reliance on the Restatement, be guided by its principles. In accordance with the Restatement, I would define a plaintiff's highly reckless conduct (as did the Superior

8. We have recognized: "Section 402A reflects the social policy that a seller or manufacturer is best able to shoulder the costs and to administer the risks involved when a product is released into the stream of commerce. Having derived a benefit from engaging in business, manufacturers and sellers are particularly able to allocate the losses incurred through cost increases and insurance." *Davis,* 547 Pa. at 266, 690 A.2d at 189–90.

Court) as conduct that demonstrates the plaintiff knew, or had reason to know, of facts which created a high degree of risk of physical harm and deliberately proceeded to act, or failed to act, in conscious disregard of, or indifference to, that risk. *See* Restatement (Second) of Torts, § 500 ("Reckless Disregard for Safety Defined"), *cited with approval in, Hutchison v. Luddy,* 582 Pa. 114, 122–23, 870 A.2d 766, 771 (2005); Restatement (Second) of Torts § 502 ("Reckless Disregard of One's Own Safety"). Further, because the Restatement factors for deciding whether, in a negligence action, the act of a third person or other force intervenes and constitutes a superseding cause are well-suited to and appropriate for determining whether the highly reckless conduct of a plaintiff seeking recovery under Section 402A was the superseding cause of his harm, I would use those factors for the determination of superseding cause in this context. *See id.* § 442 (considerations regarding superseding cause include whether intervening force was unforeseeable, operated independently, and brought about harm different in kind from that which would otherwise have resulted from the actor's wrongful act); *Ford,* 474 Pa. at 597, 379 A.2d at 115 (citing the Restatement for determining when an intervening force is a superseding cause of the plaintiff's injury).

For these reasons, I respectfully dissent and would remand this matter to the Superior Court to reconsider its decision with respect to Appellees' motion for a judgment notwithstanding the verdict, with the instructions that the assertion that a plaintiff's highly reckless conduct was a superseding cause is an affirmative defense, but that the assertion that such conduct was the sole cause of the plaintiff's harm is not.[9]

---

9. Unlike the majority, I am confident that a defense attorney in any particular Section 402A case will pursue, on his client's behalf, the highly reckless conduct defense that is borne out by the facts and bear the burden of proof the law imposes. *See* Majority Opinion at 249 n. 13, 55 A.3d at 1100 n. 13. ("[I]f the Dissent's position concerning sole cause versus superseding cause would be accepted, we can foresee no astute defense counsel ever pleading superseding cause, and thereby imposing upon himself a burden of proof.").